Gregory James MAIBAUER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–97–192–CR.

Court of Appeals of Texas,
Waco.

April 22, 1998.

Discretionary Review Refused
July 15, 1998.

Robert A. Canonico, Waco, for appellant.

B.J. Shepherd, Dist. Atty., Meridian, for appellee.

Before DAVIS,C.J., and CUMMINGS and VANCE,JJ.

## OPINION

DAVIS, Chief Justice.

A jury convicted Appellant Gregory James Maibauer of felony driving while intoxicated. *See* TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.1998). Maibauer pled true to a prior felony DWI conviction alleged for general enhancement purposes, and the jury sentenced him to fifteen years' confinement and a $5,000 fine. *See id.* § 12.42(a)(3) (Vernon Supp.1998).

Maibauer presents three issues in which he claims: (1) the State improperly used a prior felony DWI conviction under the general enhancement provisions of the Penal Code; (2) the admission of his other prior DWI convictions during the guilt-innocence phase of trial was unduly prejudicial because he had agreed to stipulate to those convictions; and (3) the State injected new and harmful facts about the details of a prior conviction during closing argument in the punishment phase of trial. We will affirm the judgment.

## FACTUAL BACKGROUND

The indictment alleges that Maibauer committed the primary offense of DWI on or about January 25, 1997. The indictment alleges three prior misdemeanor DWI convictions and one prior felony DWI conviction to elevate Maibauer's offense to a third-degree felony. *See Williams v. State,* 946 S.W.2d 886, 898–99 (Tex.App.—Waco 1997, no pet.); TEX. PEN.CODE ANN. § 49.09(b). The indictment alleges an additional prior felony DWI conviction under the general enhancement provisions of the Penal Code to enhance the punishment for Maibauer's offense to a second-degree felony. *Id.* § 12.42(a)(3); 49.09(f).

Before trial, Maibauer filed motions to quash the indictment and to strike surplusage from the indictment. On the same day he filed a stipulation that he had in fact been previously convicted of two of the misdemeanor DWI's alleged to elevate the present offense to a felony. The motion to quash asked the court to quash the prior felony DWI alleged under the general enhancement statute. The court overruled this motion. The motion to strike asked the court in view of the stipulation to "strike from the indictment all references to prior convictions" and further instruct the State "to refrain from reading from the indictment any references to his prior convictions." The court implicitly denied this motion by allowing the State to read the allegations of prior convictions to the jury and offer evidence of them during trial. *See Rey v. State,* 897 S.W.2d 333, 336 (Tex.Crim.App.1995).

At trial, Maibauer presented a motion in limine asking the court to instruct the State to approach the bench before making any

statement or offering any evidence concerning the alleged prior convictions. The court implicitly overruled this motion. *Id.* He presented an additional stipulation to the other two prior DWI convictions alleged to elevate the primary offense to a felony. He presented a motion for the court to compel the State to elect any two of the prior DWI convictions on which it would rely to elevate the underlying offense to a felony and to instruct the State to read to the jury the allegations of only those two offenses. The court denied this motion.

Maibauer pled not guilty to the allegations of the indictment. When the State offered evidence of the four prior DWI convictions alleged to elevate the offense to a felony, Maibauer objected on the same bases asserted in his previous motions. Specifically, he argued that because the State needs only two prior DWI convictions to make the present offense a felony, allowing proof of additional allegations could only prejudice the jury and deny him a fair trial, due process and equal protection. The court overruled the objections.

The jury found Maibauer guilty as charged and sentenced him as indicated above.

#### SECTION 49.09(f)

■ The first issue presented questions whether the State can use a prior felony DWI conviction under the general enhancement provisions of the Penal Code in the prosecution of a subsequent DWI offense. Prior to the enactment of section 49.09(f) of the Penal Code, the State could not use a felony DWI in this manner. *See Phifer v. State,* 787 S.W.2d 395, 396 (Tex.Crim.App. 1990). Section 49.09(f) provides:

(f) A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12 (TEX. PEN.CODE ANN. § 12.41 *et seq.*), but not under both this section and Subchapter D.

TEX. PEN.CODE ANN. § 49.09(f) (footnote omitted).

■ Under Maibauer's reading of this provision, the State cannot "enhance an offense under both Subchapter D, Chapter 12 *and*

§ 49.09 of the Texas Penal Code." When construing a statute however, we must apply the plain meaning of the language used in the statute. *State v. Mancuso,* 919 S.W.2d 86, 87 (Tex.Crim.App.1996). On its face, section 49.09(f) prohibits the use of a prior DWI conviction for enhancement under both section 49.09 and Subchapter D, Chapter 12. Thus, Maibauer misreads the statute. From our reading of section 49.09(f) we conclude that the State can use a prior felony DWI conviction under section 12.42 of the Penal Code for enhancement purposes so long as that prior conviction is not also used to elevate the alleged offense to a felony under section 49.09(b).

Our reading of the statute finds further support in the fact that the Legislature significantly altered the felony DWI statute when it enacted section 49.09. Under the former article 6701*l*—1(e), a person could be convicted of felony DWI if he had "previously been convicted two or more times of [DWI]." Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1576, *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 (article 6701*l*—1(e)). The Court of Criminal Appeals has construed identical language in the felony theft statute to mean "a defendant's prior theft convictions, regardless of their number or degree, cannot serve to enhance the punishment for a subsequent theft of less than [$1,500] beyond that of a [state jail] felony." "To this extent, [section 31.03(e)(4)(D) ] constitutes a special enhancement statute which controls over the provisions of Sec. 12.42, *supra.*" *Rawlings v. State,* 602 S.W.2d 268, 270 (Tex.Crim.App. [Panel Op.] 1980) (construing what is now codified as TEX. PEN.CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.1998)). Section 49.09(b) provides that a person can be convicted of felony DWI if he "has previously been convicted two times of [DWI]." TEX. PEN.CODE ANN. § 49.09(b). Because the legislature eliminated the "two or more" previous convictions language, the felony DWI statute is no longer the special enhancement statute it previously was, and when read together with section 49.09(f), it does not control over the general enhancement provi-

sions of section 12.42. For these reasons, we overrule Maibauer's first issue.

### OLD CHIEF v. UNITED STATES

The second issue presented urges us to adopt the United States Supreme Court's interpretation of Rule 403 of the Federal Rules of Evidence announced in *Old Chief v. United States* as we apply Rule 403 of the Texas Rules of Criminal Evidence to this case. 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Maibauer argues that the court abused its discretion by allowing evidence of the four prior DWI convictions alleged and proved during the guilt-innocence phase of trial after he offered to stipulate to them because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice to him. *See* TEX.R.CRIM. EVID. 403, 49 Tex. B.J. 223 (Tex.Crim.App.1986, repealed 1998).[1]

The State responds that Maibauer failed to properly preserve this issue for our review because he did not object to the admission of his prior convictions on this basis. Before the court admitted any evidence of the prior convictions, Maibauer objected on the same grounds he had asserted in his pretrial motions. The court implicitly overruled the objection by admitting the evidence. *See Rey,* 897 S.W.2d at 336. Thus, Maibauer preserved any error arising from the court's admission of this evidence. *See* TEX.R.APP. P. 52(a), 49 Tex. B.J. 573 (Tex.Crim.App. 1986, repealed 1997).[2]

In *Old Chief,* the Supreme Court applied the federal version of Rule 403 to the federal felon in possession statute. *See* 18 U.S.C.A. § 922(g)(1) (West Supp.1998).[3] The defendant had asked the trial court not to allow the government to make any statements or offer any evidence concerning his prior conviction. He offered to stipulate that he had been convicted of an offense which met the requirements of the statute so that the only question left for the jury would be whether he had in fact possessed a firearm. The government refused to join in the stipulation, and the trial court denied his request. *Old Chief,* 519 U.S. at ———————, 117 S.Ct. at 647–48.

The Court held in a 5–4 decision that in view of the defendant's willingness to stipulate the fact of the prior conviction the probative value of any extrinsic evidence of the conviction was substantially outweighed by the danger of unfair prejudice because:

> [t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions. Finally, the most obvious reason that the general presumption that the prosecution may choose its evidence is so remote from application here is that proof of the defendant's status goes to an element entirely outside the natural sequence of what the defendant is charged with thinking and doing to commit the current offense. Proving status without telling exactly why that status was imposed leaves no gap in the story of a defendant's subsequent criminality, and its demonstration by stipulation or admission neither displaces a chapter from a continuous sequence of conventional evidence nor comes across as an officious substitution, to confuse or offend or provoke reproach.

> Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of

---

1. Effective March 1, 1998, the Court of Criminal Appeals adopted the Texas Rules of Evidence which apply in both civil and criminal proceedings. *Final Approval of Revisions to the Texas Rules of Evidence in Criminal Cases* (Tex.Crim. App. Feb. 25, 1998). Nevertheless, we apply the rule in effect at the time of trial in this opinion.

2. We apply the appellate rule for preservation of error in effect at the time of trial.

3. This statute provides in pertinent part: "It shall be unlawful for any person—(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm." 18 U.S.C.A. § 922(g)(1) (West Supp.1998).

the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.

*Id.* at ——, 117 S.Ct. at 655.

 The language of the Texas criminal version of Rule 403 is materially identical to its federal predecessor.[4] *Montgomery v. State,* 810 S.W.2d 372, 376 n. 2 (Tex.Crim. App.1990), *set aside on reh'g,* 810 S.W.2d 372, 397 (Tex.Crim.App.1991). Both provide in pertinent part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice....

TEX.R.CRIM. EVID. 403; FED.R.EVID. 403. "[I]t is a generally accepted rule of statutory construction that when the [Court of Criminal Appeals] adopts a 'foreign' [rule] it also adopts the construction of that [rule] by the foreign jurisdiction[ ] occurring prior to the Texas enactment." *State v. Moreno,* 807 S.W.2d 327, 332 n. 5 (Tex.Crim.App.1991) (construing statute adopted from federal law); *see also King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (using federal case to construe new harmless error rule). In the

Court of Criminal Appeals' seminal decision construing Rule 403, the Court noted, "[C]ases and commentaries construing the federal rules are instructive to our interpretation of provisions of Article IV of our own Rules of Criminal Evidence." *Montgomery,* 810 S.W.2d at 387 n. 2;[5] *accord Rodda v. State,* 745 S.W.2d 415, 418 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Prior federal decisions should be followed unless Texas statutes require a different conclusion. *See State v. Klein,* 154 Tex.Crim. 31, 38, 224 S.W.2d 250, 253–54 (1949). Because *Old Chief* was announced subsequent to the adoption of Texas Rule 403, it is not binding. *See Moreno,* 807 S.W.2d at 332 n. 5; *Brown v. State,* 700 So.2d 447, 448 (Fla.Dist.Ct.App. 1997) (declining to follow *Old Chief* in light of prior Florida case law to the contrary).[6] However, we decline to follow it because it is distinguishable for the reasons set forth herein.

 Article 36.01(a)(1) of the Code of Criminal Procedure provides:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1998). The reading of the indictment under article 36.01 is mandatory. *Warren v. State,* 693 S.W.2d 414, 415 (Tex. Crim.App.1985); *Limon v. State,* 838 S.W.2d 767, 768 (Tex.App.—Corpus Christi 1992, no

---

4. The federal rule, unlike the Texas rule, provides that evidence may be excluded if its probative value is substantially outweighed by considerations of "waste of time." FED.R.EVID. 403.

5. In this opinion on rehearing, the Court also referred to a previous note in which it stated, "Although this Court is not bound by lower federal court decisions, when the Texas Rule duplicates the Federal Rule, greater than usual deference should be given to the federal court's interpretations." *Montgomery v. State,* 810 S.W.2d 372, 376 n. 2 (Tex.Crim.App.1990), *set aside on reh'g,* 810 S.W.2d 372, 397 (Tex.Crim. App.1991).

6. Although the court declined to follow *Old Chief,* it certified to the Florida Supreme Court the following question:

> Should the decision in *Parker v. State,* 408 So.2d 1037 (Fla.1982) be overruled in favor of the analysis of the evidentiary requirements for proof of convicted felon status in firearm violation cases established for federal courts in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)?

*Brown v. State,* 700 So.2d 447, 448 (Fla.Dist.Ct. App.1997).

pet.). Prior DWI convictions alleged to elevate the primary offense to a felony are jurisdictional and are not enhancement allegations only. *Williams,* 946 S.W.2d at 898–99; *Addington v. State,* 730 S.W.2d 788, 790 (Tex.App.—Texarkana 1987, pet. ref'd). Thus, article 36.01 requires that these jurisdictional allegations be read to the jury to commence the guilt-innocence phase of a felony DWI trial. Accordingly, this statute dictates that we not adopt the reasoning of *Old Chief. See Klein,* 154 Tex.Crim. at 38, 224 S.W.2d at 253–54.

The Supreme Court observed in *Old Chief* that because the federal statute applies to nearly any offense requiring imprisonment for more than one year (*i.e.,* a "generic" felony requirement), the government has no great need to inform a federal jury of the nature of the previous conviction. *Old Chief,* —— U.S. at ——, 117 S.Ct. at 655. Thus, such information bears slight probative value in light of the danger of unfair prejudice. *Id.; see also State v. Hamilton,* 327 S.C. 440, 486 S.E.2d 512, 515 (App.1997).

Unlike the federal statute in *Old Chief,* section 49.09(b) requires proof of two prior DWI convictions. TEX. PEN.CODE ANN. § 49.09(b). Thus, the probative value of the evidence of Maibauer's prior DWI convictions is greater than the "generic" felony required by the federal statute. *Accord Hamilton,* 486 S.E.2d at 515;[7] *contra State v. Alexander,* 214 Wis.2d 627, 571 N.W.2d 662, 668–72 (1997).[8] Accordingly, section 49.09(b) dictates that we not adopt the reasoning of *Old Chief. See Klein,* 154 Tex. Crim. at 38, 224 S.W.2d at 253–54.

■ Maibauer also argues that allowing the State to introduce evidence of more than two prior DWI convictions is unfairly preju-

dicial because section 49.09(b) requires proof of only two prior DWI convictions to make a felony. However, the Court of Criminal Appeals rejected this argument many years ago. *May v. State,* 171 Tex.Crim. 497, 498–99, 350 S.W.2d 924, 925 (1961). Since then, the Court has continued to affirm the principle that "the State may allege as many of a defendant's prior [ ] convictions as he has." *Carter v. State,* 676 S.W.2d 353, 355 n. 3 (1984); *accord Turner v. State,* 750 S.W.2d 48, 51 (Tex.App.—Fort Worth 1988, no pet.).

For these reasons, we decline to follow the reasoning of *Old Chief* and overrule Maibauer's second issue.

## IMPROPER JURY ARGUMENT

■ The third issue presented argues that the State injected new and harmful facts in its argument during the punishment phase of trial which prejudiced the jury. During the punishment phase, the State offered evidence of Maibauer's 1986 misdemeanor conviction for criminally negligent homicide. According to the judgment and sentence offered in evidence, Maibauer was charged by indictment with involuntary manslaughter but pled guilty to this lesser included offense. The State also offered Maibauer's stipulation of evidence which he made in connection with his plea of guilty to the homicide charge. The stipulation reads in pertinent part as follows:

> [O]n or about the 12th day of May, A.D. 1984, in Bosque County, Texas, I did then and there with criminal negligence cause the death of an individual, Veronica Cavazos, by driving a motor vehicle in which the said Veronica Cavazos was a passenger at a rate of speed in excess of one hundred (100) miles per hour; and as a result of

---

7. The South Carolina court was interpreting that state's first degree burglary statute which provides in pertinent part that a person is guilty of such offense if he commits a burglary, and "the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both." *State v. Hamilton,* 327 S.C. 440, 486 S.E.2d 512, 513 (App.1997) (quoting S.C.CODE ANN. § 16—11—311(A)(2) (Law.Co-op.Supp.1996)).

8. The pertinent Wisconsin statute has 3 elements: (1) driving or operating a vehicle on a highway;

(2) with 2 or more prior intoxication-related convictions; and (3) with a prohibited alcohol concentration of 0.08 or more. *State v. Alexander,* 214 Wis.2d 627, 571 N.W.2d 662, 667 (1997). Although the Wisconsin Supreme Court followed *Old Chief* and concluded that the probative value of prior DWI convictions is substantially outweighed by the danger of unfair prejudice in a subsequent DWI prosecution, the court concluded that the error was harmless in light of the overwhelming evidence of guilt presented. *Id.* 571 N.W.2d at 672–73.

such excessive rate of speed, I lost control of said vehicle and struck a culvert; and, as a result of which collision the said Veronica Cavazos was thrown from said motor vehicle and was killed.

The State referenced this conviction in its closing argument with this rhetorical question, "What about criminally negligent homicide where you get drunk and you run into a culvert—?"

Maibauer objected that the State was arguing facts outside the record. The prosecutor responded that he believed the stipulation supported this argument. The court reviewed the above-quoted stipulation and sustained the objection. At Maibauer's request, the court instructed the jury to disregard the prosecutor's statement but denied his request for a mistrial.

■ Appropriate jury argument includes:

(1) summation of the evidence;

(2) reasonable deduction from the evidence;

(3) answer to opposing counsel's argument; and

(4) a plea for law enforcement.

*Cantu v. State,* 939 S.W.2d 627, 633 (Tex. Crim.App.1997). Under prior case law, improper argument required reversal only if it was "extreme or manifestly improper, or inject[ed] new and harmful facts into evidence." *Id.* An instruction to disregard usually cures improper argument "unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment." *Bower v. State,* 769 S.W.2d 887, 907 (Tex.Crim.App.1989).

■ Under our new appellate rules however, we must disregard improper jury argument unless we determine that it affected an appellant's substantial rights. Tex.R.App. P. 44.2(b); *Coggeshall v. State,* 961 S.W.2d 639, 642–44 (Tex.App.—Fort Worth 1998, pet. filed). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King,* 953 S.W.2d at 271 (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

In this case, the State was presenting argument concerning Maibauer's past criminal record. The prosecutor suggested that his five prior DWI convictions (including two felonies), an evading arrest conviction, and the homicide conviction had not changed his behavior. The State argued that this required the jury to sentence Maibauer to the maximum penalty because the criminal justice system had not yet gotten his attention and because society needs to be protected from him. The jury sentenced Maibauer to five years less than the maximum allowed by law.

After considering the extent of Maibauer's prior criminal history, the court's instruction to disregard, and the fact that the jury sentenced him to less than the maximum allowed, we conclude that the State's argument did not affect his substantial rights. Tex. R.App. P. 44.2(b); *Coggeshall,* 961 S.W.2d 639, 642–44. Accordingly, we overrule Maibauer's third issue.

We affirm the judgment.