**Ira Lee HAMPTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00033–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 1, 1998.

Decided Sept. 2, 1998.

Paul Tatum, Holt & Tatum, Nacogdoches, for appellant.

Tim James, District Attorney's Office, Nacogdoches, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

GRANT, Justice.

Ira Lee Hampton appeals from his conviction for felony driving while intoxicated. He

was convicted by a jury, which assessed his punishment at twenty-six years' imprisonment.[1] Hampton contends in a single issue that the trial court erred by overruling his motion to stipulate evidence (his two prior convictions for DWI, one misdemeanor and one felony).[2] He argues that the court should have permitted him to stipulate to those convictions so that it would be unnecessary to inform the jury about the prior convictions at the guilt/innocence stage of the proceeding.

Hampton's appeal is based upon his proposed application of law as set out in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In that case, a defendant was charged as a felon in possession of a firearm. Proof of a prior felony conviction was a necessary element of the offense. Old Chief offered to stipulate to the prior conviction, but the prosecution demanded to put on proof rather than the stipulation. Old Chief asked the trial court to review the proposed evidence under Federal Rule of Evidence 403 and to apply the balancing process set out therein to determine whether the evidence was more probative than prejudicial. The court refused to do so, and its refusal was upheld by the circuit court. The Supreme Court recognized a split of authority on the admissibility of such evidence and addressed the issue on its merits.

The Court recognized that the prosecution, with its burden of persuasion, needs evidentiary depth to be able to tell the story of the crime effectively. *Old Chief,* 117 S.Ct. at 654–55, 136 L.Ed.2d at 593. The Court also noted, however, that the proof of the underlying crime is not a part of the evidence of the present offense, but is instead evidence that places an individual in a particular category for whom a particular act is criminal in nature. *Old Chief,* 117 S.Ct. at 655, 136 L.Ed.2d at 594. The Court concluded that "[p]roving status without telling exactly why that status was imposed leaves no gap in the story of a defendant's subsequent criminality, and its demonstration by stipulation or admission neither displaces a chapter from a continuous sequence of conventional evidence nor comes across as an officious substitution, to confuse or offend or provoke reproach." *Id.*

The Court thus concluded that where a generic felony must be shown to exist before a person falls within the particular category, the most the jury needs to know is "that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun." *Id.*

This argument has recently been addressed by the Waco court in *Maibauer v. State,* 968 S.W.2d 502 (Tex.App.-Waco 1998, review refused). The Waco court discussed Texas Rule of Evidence 403, recognizing that it was materially identical to its federal predecessor, and moved from there into a discussion of Article 36.01(a)(1),[3] which makes the reading of the indictment mandatory. The Article specifically differentiates between convictions alleged only for enhancement and those that are jurisdictional, i.e., those that must exist before the person is in the category that can be convicted of the charged crime. In analyzing that Article, the Waco court relied in part upon an opinion of this court in which we held that prior DWI convictions alleged to elevate a primary offense to a felony are jurisdictional and not enhancement paragraphs. *Addington v. State,* 730 S.W.2d 788, 790 (Tex.App.-Texarkana 1987, pet. ref'd).

---

1. The conviction was enhanced to a third degree felony at the guilt/innocence stage by proof of two prior DWI convictions under TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp.1998). At punishment, the State proved two other prior felony convictions; thus, Hampton was subject to the enhanced penalty provisions for habitual offenders as set out in TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1998). Hampton's appeal deals only with the prior DWI convictions shown at the guilt/innocence stage.

2. The terms "stipulate" and "stipulation" in this opinion are not used to reflect an agreement between opposing counsel, but rather to mean an admission in a judicial proceeding. *See* BLACK'S LAW DICTIONARY 1415 (6th ed.1990).

3. TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1998).

Based upon this analysis, the Waco court held that the application of the Texas statute dictates that the reasoning of *Old Chief* not be adopted. In effect, the Waco court thus concluded that the balancing test of Rule 403 should not be applied to the admission of this type of evidence.

The Waco court further noted that only one generic felony conviction was required by the federal statute, while the Texas DWI statute[4] requires proof of two prior DWI convictions. The Waco court therefore refused to adopt the Supreme Court's reasoning as set out in *Old Chief* and found no error in the trial court's refusal to permit the defendant to stipulate to the prior convictions.

There are some distinctions to be drawn between *Old Chief* and the alleged crime in the present case. The most notable is that in *Old Chief* the defendant was seeking to avoid mention of the type of crime of which he had previously been convicted, because under the applicable statute, the type of crime was immaterial. The same is not true in the present case. In order to place a defendant in the category necessary to permit the State to prosecute him for felony DWI, the State must prove the existence of two prior convictions for DWI. Accordingly, in order to successfully prosecute the crime, the State must provide proof not that the defendant is a felon, but that he was convicted of a particular type of crime on two occasions.

In the present case, the State had the burden of showing two prior DWI convictions as a part of the case in chief. Whether this was done by stipulation by the defendant or by proof by the State is in the trial court's discretion. Either way, the jury has before it only evidence that there were two prior DWI convictions. We do not find that the court's allowing the State to present such evidence instead of allowing the defendant to stipulate to this evidence was error. This does not mean that the State must retry those cases or provide extensive details about the facts surrounding the prior convictions because such information would be irrelevant and possibly improperly prejudicial at the guilt/innocence stage of the trial. The

State's requirement to show prior DWI convictions could have been fulfilled by an adequate stipulation which would be more than merely relevant but conclusive evidence of the requisite intent. *See Old Chief,* 117 S.Ct. at 652–53, 136 L.Ed.2d at 591.

Because the admitted evidence did not go beyond proof of the convictions only, we have determined that the admission of such evidence is not error, and if it had been error, it would have had no substantial or injurious effect on the jury's verdict. This contention is overruled.

The judgment of the trial court is affirmed.