TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00145-CR







Randall Allen Davis, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 97-483-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 Appellant Randall Allen Davis appeals his conviction for driving or operating a
motor vehicle while intoxicated, a second degree felony.

 The indictment alleged the primary offense of operating while intoxicated a motor
vehicle on July 26, 1996. See Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1999). Two
prior driving while intoxicated convictions were alleged, thus charging a third-degree felony. See
Tex. Penal Code Ann. § 49.09(b) (West Supp. 1999). In addition, there were two "penalty
paragraphs" alleging other felony driving while intoxicated convictions for the enhancement of
punishment. See Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws
2734, 2735 (Tex. Penal Code Ann. § 12.42(d), since amended). Prior to trial, the State
abandoned the second "penalty paragraph," leaving the allegation that appellant was a repeat
felony offender. See Act of May 29, 1995, 74th Leg., R.S. ch. 318, § 1, 1995 Tex. Gen. Laws
2734, 2735 (Tex. Penal Code Ann. § 12.42(a)(3), since amended).

 The jury found appellant guilty of a felony driving while intoxicated as alleged, and
that appellant had used a deadly weapon, a motor vehicle, as alleged in the indictment. At the 
penalty stage of the trial, the jury found appellant had been previously convicted of a felony and
assessed his punishment at 10 years' imprisonment and a fine of $500.


Points of Error


 Appellant advances six points of error. In the first three points of error, appellant
argues that the trial court erred in (1) admitting at the guilt-innocence stage of the trial evidence
of the two prior DWI convictions in 1983 and 1990 alleged to enhance or elevate the primary
offense to a third-degree felony, (2) allowing the prosecutor to read to the jury that portion of the
indictment alleging these two prior convictions, and (3) allowing the prosecutor to mention or
refer to, "prior to the punishment stage of the trial," these same DWI convictions. In points of
error four and five, appellant claims the trial court abused its discretion in permitting the
prosecutor to use the 1984 and 1986 DWI convictions to impeach appellant's credibility as a
witness. In the last point of error, appellant challenges the legal sufficiency of the evidence to
support the finding that he used his motor vehicle as a deadly weapon. Otherwise, appellant does
not challenge the legal or factual sufficiency of the evidence to sustain the conviction.

The First Three Points of Error Consolidated


 The two prior convictions used to elevate the primary DWI offense to a third-degree felony (1) were a misdemeanor DWI conviction in cause no. 63156 in the County Court at
Law of Tom Green County on July 7, 1983, and a felony DWI conviction in cause no. 90-016-K277 in the 277th District Court of Williamson County on April 16, 1990. It is these two prior
convictions alleged in the indictment that appellant contends should not have been read to the jury
at the guilt-innocence stage of the trial, should not have been admitted into evidence at that stage
of the trial, and should not have been mentioned or referred to by the prosecutor "prior to the
punishment stage of the trial."

 To preserve a complaint for appellate review, a party must have presented to the
trial court a timely objection stating the specific grounds for the desired ruling, and a ruling must
be obtained from the trial court or an additional objection on the failure of the court to rule must
be made. See Tex. R. App. P. 33.1(a)(2). If the party fails to do this, error is not preserved and
the complaint is waived. See Taylor v. State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

 We do not find that appellant timely objected to preserve any complaint for
appellate review of the first three points of error. Appellant directs us only to the overruling of
his pretrial motion in limine. A motion in limine will not preserve error; a defendant must object 
at the time the subject matter is raised during trial. See Gonzales v. State, 685 S.W.2d 47, 50
(Tex. Crim. App. 1985); see also Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988);
Maynard v. State, 685 S.W.2d 60, 64 (Tex. Crim. App. 1985); 43 George E. Dix & Robert O.
Dawson, Criminal Practice and Procedure, § 42.52 at 67 (Texas Practice 1995). Appellant has
not preserved for review the first three points of error.

 Moreover, in order to elevate the primary misdemeanor offense to a third-degree
felony as provided by section 49.09(b) of the Penal Code, at least two prior DWI convictions must
be alleged in the indictment because they are jurisdictional and not enhancement allegations only. 
See Maibauer v. State, 968 S.W.2d 502, 507 (Tex. App.--Waco 1998, pet. ref'd); Pope v. State,
802 S.W.2d 418, 421 (Tex. App.--Austin 1991, no pet.). (2)

 Article 36.01(a)(1) of the Code of Criminal Procedure provides:


 The indictment or information shall be read to the jury by the attorney
prosecuting. When prior convictions are alleged for the purpose of enhancement
only and are not jurisdictional, that portion of the indictment or information
reciting such convictions shall not be read until the hearing on punishment is held
as is provided in article 37.07.



Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West Supp. 1999).

 The reading of the indictment under article 36.01(a)(1) is mandatory. See Warren
v. State, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985). The jurisdictional allegations as in the
instant indictment are required by article 36.01(a)(1) to be read to the jury to commence the guilt-innocence stage of a felony DWI trial. See Maibauer, 968 S.W.2d at 507. In the instant case,
the State had the burden of proving the two prior DWI convictions as a part of its case in chief. 
See Hampton v. State, 977 S.W.2d 467, 469 (Tex. App.--Texarkana 1998, pet. ref'd). Further,
the prior convictions when proved had to be included in the jury charge at the guilt-innocence
stage of the trial and found to be true before the jury could find appellant guilty of the offense of
a third-degree felony. See Pope, 802 S.W.2d at 421.

 Under these circumstances, it was proper for the State to mention and refer to the
prior convictions alleged for jurisdictional purposes at the voir dire examination, and during its
opening statement to the jury, to read the indictment to the jury, to offer proof to sustain the
allegations during the guilt-innocence phase of the proceedings, and to make jury argument
concerning evidence in the record. If appellant had timely objected, the objections would have
been without merit.

 Appellant's plea for "fairness" is eloquent, but his argument based on Old Chief
v. United States, 519 U.S. 172 (1997), and Rule 403 of the Texas Rules of Evidence has been
rejected. See Tamez, 980 S.W.2d of 847-48; Hampton, 977 S.W.2d at 468-69; Maibauer, 968
S.W.2d at 505-07. For the reasons set forth in Maibauer, we agree. Points of error one, two,
and three are overruled.

Impeachment


 In points of error four and five, appellant claims that the trial court abused its
discretion by allowing the prosecutor to impeach appellant's credibility with evidence of prior
felony DWI convictions, one on March 27, 1986 in the 277th District Court of Williamson
County (cause no. 86-094-K), and another on June 21, 1984 in the 26th District Court of
Williamson County (cause no. 84-022K).

 Appellant denied being intoxicated at the time of his arrest, sharply challenging the
arresting officer's testimony. Appellant admitted that he had two beers earlier in the evening but
was drinking coffee the rest of the evening. He explained that he had a bad back and poor speech
patterns which would account for his condition at the time of the arrest.

 On cross-examination, appellant admitted, without objection, that he had been
convicted of DWI offenses in 1983 and 1990, which convictions had been alleged for
jurisdictional purposes and not for enhancement only. Then the record reflects: "Q. And are
you the same Randall Allen Davis that was convicted of felony driving while intoxicated in cause
no. 86 --." Appellant's counsel interrupted and the parties approached the bench. Outside the
hearing of the jury, appellant's counsel objected to "going into this at this time." The record then
reflects:


The Court: If it's a felony, it's proper impeachment.


Mr. Bass [appellant's counsel]: But it's not been within the last ten years.


Mr. Aylor [prosecutor]: But he's had all these others.


The Court: The objection is overruled.


Mr. Bass: Excuse me, Your Honor, so our record is clear, I would also object that
this evidence for impeachment purposes -- the probative value is substantially
outweighed by its prejudicial effect, and it should not be used for impeachment at
this time.


The Court: The objection is overruled.



 These are the objections upon which appellant relies to support both points of error. 
Because the question was interrupted, it is not clear from the cold record to which prior conviction
the objections were addressed. If it could be argued that the specific conviction was apparent
from the context, see Tex. R. App. P. 33.1(a)(1)(A), and that it was the 1986 conviction in cause
no. 86-094-K in the 277th District Court to which the interrupted question meant to refer, the
error, if any, was preserved only as to the 1986 conviction. No objection was addressed to the
1984 conviction in cause no. 84-022K in the 26th District Court. Thus, no error was preserved
as to the 1984 conviction.

 In later cross-examination, appellant admitted, without objection, that he had been
convicted in 1983 and 1990 for the DWI offenses and also convicted in cause no. 84-022K in 1984
and in cause no. 86-094-K in 1986 also for DWI. Appellant acknowledged that this was a true
and correct list or representation of his driving while intoxicated record. When State's exhibit no.
7 (apparently a copy of the record) was offered, appellant had no additional objections "other than
the ones I previously made to the court, Your Honor." The objection was overruled.

 Subsequently in cross-examination, appellant, without objection, acknowledged that
in cause no. 84-022K in 1984 that he was placed on probation, but that in 1986 his probation was
revoked and he was convicted in cause no. 86-094-K and given a two-year prison sentence.

 Still later on cross-examination, appellant identified the judgments and sentences
in the 1984 and 1986 convictions which were marked for identification State's exhibit no. 8. 
There was no objection to this testimony. When the exhibit itself was offered, appellant objected: 
"Other than the objections I've already made, I re-urge those objections, Your Honor." These
objections were overruled. (3)

 The overruling of an objection to evidence will generally not result in reversal
when other evidence of that same fact was received without objection, either before or after the
complained-of ruling, regardless of whether the other evidence was introduced by the defendant
or the State. See Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Marles v. State,
919 S.W.2d 669, 672 (Tex. App.--San Antonio 1996, pet. ref'd). A defendant may not complain
on appeal about evidence admitted elsewhere without objection. See Roy v. State, 891 S.W.2d
315, 325 (Tex. App.--Fort Worth 1994, no pet.). A specific objection must be made each time
an offer of inadmissible evidence is made in order to preserve any error for review. See Ybarra
v. State, 890 S.W.2d 98, 114-15 (Tex. App.--San Antonio 1994, pet. ref'd). The error, if any,
is not before us for appellate review. We need not explore the application of Rule 609 as urged
by appellant. Points of error four and five are overruled.

 In the last point of error, appellant challenges the sufficiency of the evidence to
support a finding that appellant used a deadly weapon in the commission of the offense. From
the cases cited, it appears that this is a challenge to the legal sufficiency of the evidence. 
Appellant has not briefed the point of error on a factual sufficiency basis.

 The indictment alleged that appellant had used a deadly weapon, namely, a motor
vehicle, during the commission of the felony offense. Appellant was thus given notice of the
State's intention to seek a deadly weapon finding. The issue was submitted to the jury at the guilt-innocence stage of the trial over appellant's objection that the submission was not supported by
the evidence. The jury found appellant guilty and further found that a deadly weapon, a motor
vehicle had been used or exhibited "during the commission of a felony."

 All felonies are susceptible of an affirmative deadly weapon finding for the
purposes of denial of community supervision and limitation of parole eligibility pursuant to article
42.12, § 3g(a)(2) of the Code of Criminal Procedure (4) and section 508.145(d) of the Government
Code. (5) See Morgan v. State, 775 S.W.2d 403, 406 (Tex. App.--Houston [14th Dist.] 1989, no
pet.).

 Misdemeanors are not susceptible of an affirmative deadly weapon finding by virtue
of the statutes. This includes misdemeanor DWI offenses. It is only when the misdemeanor DWI
offense is elevated to a third-degree felony by allegation and proof of two or more prior DWI
convictions (6) that the affirmative finding of a deadly weapon statutory provisions become
applicable to a DWI prosecution.

 A "deadly weapon" means: "(A) a firearm or anything manifestly designed, made,
or adapted for the purpose of inflicting death or serious bodily injury, or (B) anything that in the
manner of its use or intended use is capable of causing death or serious bodily injury." Tex.
Penal Code Ann. § 1.07(a)(17)(A) & (B) (West 1994).

 It is clear that a motor vehicle is not designed, made or adapted for the purpose of
inflicting death or serious bodily injury, so it is not a deadly weapon per se as defined in section
1.07(a)(17)(A). See Ray v. State, 880 S.W.2d 795, 796 (Tex. App.--Houston [1st Dist.] 1994, no
pet.). Items that are not deadly weapons per se have been found to be deadly weapons by nature
of their use or intended use under section 1.07(a)(17)(B). See Hill v. State, 913 S.W.2d 581, 582-83 (Tex. Crim. App. 1996). The use or intended use must be capable of causing death or serious
bodily injury. (7) Hill, 913 S.W.2d at 582-83. Thus, a motor vehicle is not a deadly weapon unless
the felony record compels the conclusion that the vehicle was used in a manner that made it a
deadly weapon. See Tyra v. State, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995); Ex parte
McKithan, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992).

 Mere possession of a weapon without putting it to any use or purpose whatsoever
is not the same as using the weapon. Tyra, 897 S.W.2d at 798. Driving a motor vehicle,
however, is using it, and driving it in a manner capable of causing death or serious bodily injury
is using it as a deadly weapon. Id.; see also Williams v. State, 946 S.W.2d 432, 435 (Tex.
App.--Fort Worth 1997), pet dism'd improvidently granted in part, reformed in part, and affirmed,
970 S.W.2d 566 (Tex. Crim. App. 1998).

 As in Williams, the evidence is clear that appellant possessed the truck and also
used the truck during the felony offense of driving while intoxicated. Here, appellant both used
and actively employed the truck while committing the felony involved. The threshold question
is whether, upon the evidence in the record, the truck that appellant drove should be classified as
a deadly weapon because of the manner in which he used or actively employed it while
committing the felony. An affirmative answer to that question requires proof that in the manner
of its use or intended use during the felony, the truck was capable of causing death or serious
bodily injury. See Williams, 946 S.W.2d at 435. That "capability" must be evaluated in light
of the facts that actually existed while the felony DWI was committed rather than the conjecture
about what might have happened if the facts had been different than they were. Id.

 Appellant relies upon Williams. There the court of appeals wrote:


 We conclude that to find the truck "capable" of causing death or serious
bodily injury requires evidence that when the DWI offense occurred, there was
someone present who was placed in danger of serious bodily injury or death. 
Testimony in the record includes details of Williams' DWI offense and conduct
from the time the trooper first observed Williams driving the truck until Williams
stopped it in the highway; during the time the truck was parked in the highway;
and until the truck was moved off the road and Williams was taken to jail in a
patrol car. Yet, there is no evidence that any other motorist was on the highway
at the time and place that Williams drove in an intoxicated condition or that any
other motorist (besides other troopers the arresting officer called for assistance)
ever came upon the scene or encountered danger form Williams' truck or from
other traffic because the truck was parked in the highway.


 We do not foreclose the possibility that despite the absence of death or
serious bodily injury, a case may arise with facts that, if shown by admissible
evidence, would support a finding in conjunction with a felony DWI conviction
that a motor vehicle used was a deadly weapon. But, on the facts in evidence in
this case, the State did not prove that in the manner of its use, or intended use,
Williams' truck was capable of causing death or serious bodily injury and therefore
was a deadly weapon. Accordingly, there should not have been a deadly weapon
issue in the jury charge on punishment. Williams' sole point of error is sustained. 
The conviction for felony driving while intoxicated and felony repetition is
affirmed, and we reverse and remand for a new trial on punishment only.



Id. at 435-36.

 In Davis v. State, 964 S.W.2d 352, 354 (Tex. App.--Fort Worth 1998, no pet.), the
court distinguished its earlier opinion in Williams on the facts by pointing to the testimony of the
arresting officer that the defendant weaved and drove in the oncoming lane of traffic four or five
times, and had to take "evasive action" to avoid hitting another car in the oncoming lane.

 Independent of the videotape, the testimony in the instant case was meager as to
the position of other cars or individuals on the highway where the offense occurred. Round Rock
Police Officer Mike Kincaid testified that about 11:30 p.m. on July 22, 1996, he was positioned
on IH 35 watching southbound traffic when he saw a 1986 Ford pickup truck pass without its tail
lights operating. Kincaid followed the truck for that reason. As he did, the truck in the far right
southbound lane crossed once over the white line separating the right lane and the paved shoulder
of the highway. Thereafter, Kincaid observed the truck "weaving" within the right lane. Mark
Ruby, the civilian, riding with Officer Kincaid, confirmed the truck's movements. Kincaid
followed the truck for two miles because of the condition of the road's shoulder. When Kincaid
turned on the overhead light of his patrol vehicle, the truck activated its turn signal or blinker,
exited the highway at the next ramp, and stopped on the frontage road. Kincaid acknowledged
that there "wasn't many" vehicles on the highway at the time, and in a conclusory fashion stated
that appellant was "a danger to other people on that highway" and could have caused death or
serious bodily injury "if he had run into somebody." (8)

 The videotape produced by a video camera on the police vehicle revealed that
appellant's truck momentarily crossed the white line separating the right lane of traffic and the
paved shoulder and moved left back into the right lane where it remained until the truck exited
the highway. The videotape showed that no other vehicle intervened between the police vehicle
and the truck in the two miles that the truck was followed. One car did pass the police car and
the truck in the far left lane of the southbound portion of the highway during the time in question. 
Tail lights on other vehicles far ahead of the truck indicated other vehicles traveling southbound
on IH 35. A few cars and their headlights traveling in a northerly direction are revealed by the
videotape. These vehicles were left of the far left lane of the southbound traffic and across the
median of the divided highway.

 Although clearly not essential to an affirmative finding that a motor vehicle was 
a deadly weapon, in the instant case there was no accident, no collision, no "evasive action," no
property damage, and no injury actual or threatened to any person. The capability of the truck
to cause death or serious bodily injury must be evaluated in the light of the facts that actually
existed while the offense was being committed rather than by conjecture. See Williams. 946
S.W.2d at 435.

 We conclude, even viewing the evidence in the light most favorable to the jury's
finding, that a rational trier of fact could not have found beyond a reasonable doubt that
appellant's truck, from the manner of its use or intended use, was capable of causing death or
serious bodily injury and was a deadly weapon used in the commission of a felony. The sixth
point of error is sustained. The judgment of conviction is reformed to strike and eliminate the
deadly weapon finding.

 As reformed, the judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Reformed and, as Reformed, Affirmed

Filed: September 10, 1999

Do Not Publish















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Section 49.09(b) of the Penal Code provides:


(b) If it is shown on the trial of an offense under Section [sic] 49.04, 49.05
or 49.06 that the person has previously been convicted two times of an
offense relating to the operating of a motor vehicle while intoxicated, an
offense of operating an aircraft while intoxicated, or an offense of
operating a watercraft while intoxicated, the offense is a felony of the
third degree.


Tex. Penal Code Ann. § 49.09(b) (West Supp. 1999).
2. See also Tamez v. State, 980 S.W.2d 845, 847 (Tex. App.--San Antonio 1998, pet.
granted on other grounds, pending).
3. There were other objections to the exhibit about extraneous matters in the judgments 
and sentences. These matters were redacted and the exhibits admitted.
4. Section 3g(a)(2) provides that the provisions of section 3 of article 42.12 (judge-ordered
community supervision) do not apply to:


(2) to a defendant when it is shown that a deadly weapon as defined in
Section 1.07, Penal Code, was used or exhibited during the commission
of a felony offense or during immediate flight therefrom, and that the
defendant used or exhibited the deadly weapon or was a party to the
offense and knew that a deadly weapon would be used or exhibited. On
an affirmative finding under this subdivision, the trial court shall enter
the finding in the judgment of the court. On an affirmative finding that
the deadly weapon was a firearm, the court shall enter that finding in its 
judgment.


Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 1999).
5. With regard to eligibility for release on parole, the Government Code provides in part:


An inmate serving a sentence for an offense described by Section 3g(a)(1)(A),
(C), (D), (E), (F), (G), or (H), Article 42.12, Code of Criminal Procedure,
or for an offense for which the judgment contains an affirmative finding under
Section 3g(a)(2) of that article, is not eligible for release on parole until the
inmate's actual calendar time served, without consideration of good conduct
time, equals one-half of the sentence or 30 calendar years, whichever is less,
but in no event is the inmate eligible for release on parole in less than two
calendar years.


Tex. Gov't. Code Ann. § 508.145(d) (West 1998).
6. See Tex. Penal Code Ann. § 49.09(b) (West Supp. 1999).
7. "'Serious bodily injury' means bodily injury that creates a substantial risk of death or
that causes death, serious permanent disfigurement, or protracted loss or impairment of the
functions of any bodily member or organ." Tex. Penal Code Ann. § 1.07(a)(46) (West 1994).
8. These statements fall within the conjecture about what might have happened if the facts
had been different than they were as discussed in Williams, 946 S.W.2d at 435.



ormed, the judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Reformed and, as Reformed, Affirmed

Filed: September 10, 1999

Do Not Publish















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Section 49.09(b) of the Penal Code provides:


(b) If it is shown on the trial of an offense under Section [sic] 49.04, 49.05
or 49.06 that the person has previously been convicted two times of an
offense relating to the operating of a motor vehicle while intoxicated, an
offense of operating an aircraft while intoxicated, or an offense of
operating a watercraft while intoxicated, the offense is a felony of the
third degree.


Tex. Penal Code Ann. § 49.09(b) (West Supp. 1999).
2. See also Tamez v. State, 980 S.W.2d 845, 847 (Tex. App.--San Antonio 1998, pet.
granted on other grounds, pending).
3. There were other objections to the exhibit about extraneous matters in the judgments 
and sentences. These matters were redacted and the exhibits admitted.
4. Section 3g(a)(2) provides that the provisions of section 3 of article 42.12 (judge-ordered
community supervision) do not apply to:


(2) to a defendant when it is shown that a deadly weapon as defined in
Section 1.07, Penal Code, was used or exhibited during the commission