William Eugene Tuton v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-512-CR

WILLIAM EUGENE TUTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant William Eugene Tuton appeals his conviction for felony driving while intoxicated (DWI).  A jury found Tuton guilty and assessed his punishment at eleven years’ confinement, and the trial court sentenced him accordingly.  In three points, Tuton contends that the trial court erred by allowing the State to show “additional” prior DWI convictions at the guilt-innocence stage and that he was denied effective assistance of counsel by counsel’s failure to object to evidence of the prior convictions and by counsel’s failure to offer a correct stipulation to Tuton’s prior DWI convictions.  We will affirm
.

II.  Factual Background

Sergeant Leland Strickland of the Arlington Police Department responded to a burglar alarm at a convenience store.  
While waiting for backup, Sergeant Strickland saw a car—driving without its headlights on—enter the parking lot and then quickly exit.  Believing that the driver might be involved with the burglary, Strickland followed the car and pulled it over after observing four traffic violations.  The driver, Tuton, explained to Sergeant Strickland that he planned to stop at the convenience store for gas but left after realizing that the store was closed.  Sergeant Strickland noticed that Tuton smelled of alcohol, that his eyes were red and watery, and that his speech was “slurred and thick-tongued.”  Sergeant Strickland believed that Tuton was intoxicated.  Another officer arrived at the scene and took over the DWI investigation.  Tuton told the officer that he had consumed two to three beers during the past hour and a half.  Tuton failed all three sobriety tests conducted at the scene, and the officer arrested him.   

III. Procedural Background

Tuton’s indictment included a DWI-felony repetition charge, alleging that prior to the current offense, a Dallas County district court twice convicted him of felony DWI.  Specifically, the indictment alleged that prior to the instant offense Tuton had been convicted of the following: (1) on August 17, 1992 in cause number F-9230417-HI of DWI, “having been twice before convicted of DWI,” and (2) on August 4, 1987 in cause number F-87-73529-IR of DWI, “having been twice before convicted of DWI.”  At the commencement of trial, Tuton’s trial counsel objected to the presentment of the prior felony DWI convictions listed in the indictment but, after taking a moment to talk with her client, did not offer to stipulate to any prior DWI convictions in order to establish felony court jurisdiction.  Thereafter, the State read the indictment setting forth the August 17, 1992 and the August 4, 1987 prior felony DWI convictions. 

During trial, when the State sought to introduce State’s Exhibit 5, the judgment from the August 17, 1992 DWI, Tuton’s trial counsel objected.  Tuton’s counsel offered to stipulate to two misdemeanor DWI convictions, a June 14, 2001 DWI conviction from Wisconsin and a December 1, 1985 DWI conviction from Reeves County.  The State refused to accept this stipulation because it claimed that the stipulation would not meet the State’s burden of proof under the indictment.  The State suggested the following stipulation:

The stipulation should read something to the effect that defense counsel . . . [and Tuton] . . . stipulate that [Tuton] was convicted of the offense of driving while intoxicated on the 17th day of August, 1992, in the Criminal District Court Number Two of Dallas County, Texas in cause number F-9230417-HI, and that [Tuton] was convicted of the offense of driving while intoxicated on the 4th day of August, 1987 in the 265th Judicial District Court of Dallas County, Texas in cause number F-87-73529-R as contained in the State’s indictment.

Tuton’s trial counsel indicated that this stipulation was unacceptable because “stipulating to [the convictions alleged in the indictment] would be stipulating to possible knowledge that these are two previous felonies, which would cause prejudicial harm to [her] client.”  Tuton’s trial counsel stated that she did not oppose stipulating to the locations and dates of the offenses, but she did not want to include the words “district court” in the stipulation because she claimed that those familiar with the judicial system would realize that the prior convictions were felonies.
(footnote: 2)  When the parties failed to stipulate to the prior DWIs alleged in the indictment, the court admitted—over defense counsel’s objection—the judgment from Tuton’s August 17, 1992 felony DWI conviction as State’s Exhibit 5 and the judgment from his, August 4, 1987 felony DWI conviction as State’s Exhibit 7.  The jury convicted Tuton of felony DWI.  This appeal followed.

IV.  Prior DWI Convictions

In his first point, Tuton complains that the trial court erred by allowing the State to show more than the two prior DWI convictions needed to establish felony court jurisdiction.  Specifically, Tuton complains that the jury should not have been permitted to learn of the misdemeanor convictions supporting each of the felony DWIs alleged in the indictment.
(footnote: 3)   

A person may be charged with felony DWI if he has two previous convictions for DWI.  
Tex. Penal Code Ann.
 § 49.09(b).  
In a felony DWI, the two prior DWI offenses are necessary elements of the offense of felony DWI; they are jurisdictional, as opposed to mere enhancement allegations.  
State v. Mewbourn
, 993 S.W.2d 771, 772 (Tex. App.—Tyler 1999, no pet.) (“Prior convictions are essential elements of felony DWI under  section 49.09(b)[] and must be read and proven at the guilt[-]innocence phase to support a felony conviction.”).  
Therefore, to obtain a conviction for felony DWI, the State must prove the two prior DWI convictions at the guilt-innocence stage of trial.  
Hampton v. State
, 977 S.W.2d 467, 469 (Tex. App.—Texarkana 1998, pet. ref’d)
 
(recognizing State had burden of showing two prior DWI convictions in case-in-chief in felony DWI prosecution).
  Likewise, in a felony DWI case, the indictment language concerning the two predicate DWI convictions may be read to the jury at the start of the guilt-innocence phase of the trial. 
 Tex. Code Crim. Proc. Ann.
 art. 36.01 (Vernon Supp. 2005); 
Tamez v. State, 
11 S.W.3d 198, 201 (Tex. Crim. App. 2000).

When proof of a prior conviction is a jurisdictional element—such as in a felony DWI—the fact of the prior conviction must be proven beyond a reasonable doubt.  
Zimmer v. State, 
989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref’d). 
The State may prove prior convictions in a variety of ways, including (1) the stipulation or judicial admission of the defendant that he has been convicted or (2) the introduction of certified copies of the judgment, sentence, or the record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant.  
Littles v. State
, 726 S.W.2d 26, 31 (Tex. Crim. App. 1987) (op. on reh’g).  When, however, the defendant offers to stipulate to the prior DWI convictions that the State is required to prove, “the probative value of evidence of the same convictions is substantially outweighed by the danger of unfair prejudice.”  
Robles v. State
, 85 S.W.3d 211, 213 (Tex. Crim. App. 2002). In the absence of a stipulation, judgments from prior convictions are relevant to show the existence of those prior convictions. 
Id.
 at 212.

Here, Tuton’s trial counsel refused to stipulate to the two prior DWI’s listed in the indictment because they contained the term “district court.”  Tuton’s trial counsel instead offered to stipulate to two misdemeanor DWI convictions not listed in the indictment.  This stipulation would have accomplished nothing; it would not have alleviated the State’s burden of proving the prior convictions listed in the indictment beyond a reasonable doubt.
(footnote: 4)  
See Tamez, 
11 S.W.3d at 201 (stating that prior convictions used to elevate a misdemeanor to a felony must be pleaded in the indictment for jurisdictional purposes); 
Zimmer, 
989 S.W.2d at 50 (noting that State must prove prior convictions beyond a reasonable doubt when proof of a prior conviction is a jurisdictional element); 
see also 
Tex. Penal Code Ann.
 § 2.01 (Vernon 2003) (stating that each element of offense must be proved beyond a reasonable doubt)
; Jones v. State
, 850 S.W.2d 223, 225 (Tex. App.—Fort Worth 1993, pet. ref’d) (noting that State must prove allegations in indictment beyond a reasonable doubt).

Because Tuton’s trial counsel did not offer to stipulate to the prior DWI convictions listed in the indictment, we hold that the trial court did not abuse its discretion by admitting into evidence the judgments in the August 17, 1992 DWI and the August 4, 1987 DWI.  
We overrule Tuton’s first point.

V. 
Ineffective Assistance of Counsel

In his second and third points, Tuton contends that his trial counsel was ineffective.  Specifically, Tuton contends that his trial counsel’s failure to object to the admission of the judgment from one of the prior DWI conviction listed in the indictment and his counsel’s failure to offer a correct stipulation of Tuton’s prior DWI convictions constituted ineffective assistance.  

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim.  
Jones v. State
, 133 S.W.3d 307, 312 (Tex. App.—Fort Worth 2004, no pet.). This is often the case because a silent record cannot rebut the presumption that counsel’s performance was the result of sound or reasonable trial strategy.  
Strickland
, 466 U.S. at 688, 104 S. Ct. at 2052; 
Mallet v. State
, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A record affirmatively demonstrating the alleged ineffectiveness may, however, be provided by a motion for new trial hearing.  
See Jones
, 133 S.W.3d at 312.  When there is no hearing on a motion for new trial or if counsel does not appear at such a hearing, an affidavit from defense counsel becomes almost vital to the success of a claim of ineffective assistance of counsel.  
Howard v. State
, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref’d).

In the present case, the record does not support Tuton’s contention that the complained of decisions and actions by his trial counsel rendered his assistance ineffective.  There was not a hearing on Tuton’s motion for new trial, and his trial counsel did not file an affidavit.  The record is silent as to trial counsel’s reasoning and strategy for not objecting to the State’s offer of the judgment from one of Tuton’s prior DWI convictions.  The record is also silent regarding trial counsel’s reasons for not agreeing to the State’s offered stipulation. Moreover, the decision to stipulate to prior convictions is a classic example of trial strategy. 
Stafford v. State
, 758 S.W.2d 663, 673 (Tex. App.—Houston [1st
 Dist.] 1988, no pet.), 
rev’d on other grounds
, 813 S.W.2d 503 (Tex. Crim. App. 1999).  The record demonstrates that there was some discussion between Tuton and his trial counsel regarding whether or not to offer a stipulation at the outset of trial.  This suggests that Tuton’s trial counsel decided not to stipulate to the prior DWI convictions listed in the indictment as a strategic decision or in accordance with her client’s wishes.  

Consequently, the trial record before us is insufficient to establish Tuton’s ineffective assistance of counsel claim.  
See Jones
, 133 S.W.3d at 312. Accordingly, we hold that Tuton failed to overcome the strong presumption that his trial counsel rendered adequate assistance.  
See Strickland
, 466 U.S. at 
690, 104 S. Ct. at 2066. We overrule Tuton’s second and third points. 

VI. Conclusion

Having overruled each of Tuton’s three points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 8, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
See 
Tex. Penal Code Ann.
 § 49.09(b) (Vernon Supp. 2005). 

3:
Although Tuton’s counsel objected globally to the reading of any portion of the felony repetition charge to the jury, she did not request that the “having been twice before convicted” language not be read to the jury.  

4:
Tuton relies heavily on 
Tamez
.  
See 
11 S.W.3d at 202.  But the facts in that case—Tamez did offer to stipulate to the predicate DWIs—are distinguishable from the present facts because Tuton did not offer to stipulate to the predicate DWIs.  
See id. 
at 199.