## HASSELL HINDS RATLIFF V. STATE

No. 27,496. March 9, 1955
Motion for Rehearing Denied (Without Written Opinion)
April 6, 1955

*Reed & Reed,* by *J. W. Reed,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted for the unlawful possession of whiskey for the purpose of sale in a dry area; and his punishment assessed at confinement in jail for 30 days and a fine of $300.00.

The state's evidence is sufficient to sustain the allegations in the information that appellant possessed whiskey for the purpose of sale in Taylor County on the date alleged.

Appellant, in his brief, urges that the conviction cannot stand because there is no proof in the record that Taylor County was a dry area or that there was any stipulation or agreement made in the presence and hearing of the jury as to the dry status of the county.

The record shows that after announcement of ready for trial and before the information was read and appellant entered his plea, it was agreed and stipulated that Taylor County was a dry area.

The record further shows that no issue was raised during the trial of the case as to the dry status of the county, and the court in its charge instructed the jury, without objection from appellant, that Taylor County was a dry area.

In McLaughlin v. State, 157 Texas Cr. R. 384, 249 S.W. 2d 221, where no evidence was introduced showing the dry status of the county and it was stipulated outside the presence and hearing of the jury that the county was a dry area and the court so instructed the jury, it was held that a finding of the jury that the county was a dry area was unnecessary in view of the stipulation.

Under the stipulation in this case, it was unnecessary for the state to make proof of the dry status of the county before the jury.

The evidence is sufficient to support the conviction.

334

The judgment is therefore affirmed.

Opinion approved by the court.