ELMER HARDY V. STATE

No. 27,773. November 2, 1955

R. E. Murphey, Coleman, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whisky in a dry area, with a prior conviction alleged to enhance the punishment; the punishment, 30 days in jail and a fine of $500.00.

Our state's attorney confesses error herein because of the failure of the evidence to establish that the sale alleged was made in the area proved to be dry. In this, he is correct. The local option liquor law is a special law and not effective in political subdivisions unless it has been adopted by a vote of the people. In violations of law adopted by local option elections, the locus of the offense is an integral part of the proof. This is not a question of venue but a determination of whether or not the act committed is a crime. Sims v. State, 157 Texas Cr. R. 143, 247 S.W. 2d 1022; Teal v. State, 159 Texas Cr. R. 289, 263 S.W. 2d 260; and Yarbrough v. State, 159 Texas Cr. R. 302, 263 S.W. 2d 557.

We further note that the place where the sale was alleged to have been made was alleged with unnecessary particularity, and no proof was offered to support such unnecessary averments. See Daulton v. State, 155 Texas Cr. R. 335, 235 S.W. 2d 165; Staley v. State, 154 Texas Cr. R. 546, 229 S.W. 2d 170; and Vaught v. State, 145 Texas Cr. R. 623, 171 S.W. 2d 128.

We also observe that no proof was offered that the order of the commissioners' court declaring the results of the prohibition election had ever been published as required by the statute. Notice to the public of the results of such election is essential. Bell v. State, 156 Texas Cr. R. 440, 243 S.W. 2d 585, and Moore v. State, 156 Texas Cr. R. 512, 244 S.W. 2d 240.

The judgment is reversed and the cause remanded.