Rosie Nell STELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 46389.

Court of Criminal Appeals of Texas.

June 27, 1973.

John T. M. Cox, Belton, for appellant.

Joe Carroll, Jr., County Atty., Joe Petronis, Asst. County Atty., Belton, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for unlawful possession of whiskey for the purpose of sale in a dry area. Two prior convictions for violation of the same statute were alleged and used for enhancement of punishment. See Article 61, Vernon's Ann.P.C. The punishment was assessed by the jury at four (4) years in the county jail and at a fine of $4,000.00.

At the outset we shall consider appellant's contentions that the evidence was insufficient to support the allegations of the information as to the primary offense.

Omitting the formal parts, the information charged, in part, as follows:

" . . . That in the County of Bell, State of Texas, on or about the 8 day of January, 1972, and anterior to the filing of this information, one Rosie Nell Stell, did then and there unlawfully and wilfully, in this County and State possess for the purpose of sale an alcoholic beverage, to-wit: whiskey, after an election had been held by the qualified voters of said County in accordance with law to determine whether or not the sale of intoxicating liquor, to-wit: whiskey, should be prohibited in said county, and such election had resulted in favor of prohibiting the sale of such intoxicating liquor in said County, and the Commissioners Court of said County and canvassed the election returns and had duly made, passed and entered its order declaring the result of such election, and prohibiting the sale of such type of intoxicating liquor, to-wit: whiskey, in said County, as required by law, which said order had been published for the time and in the manner required by the law in force at the time of said election; and the sale of the said type of alcoholic beverage has not been legalized in said political subdivision by any local option election held in such political subdivision since said time. . . ."

To prove the allegations that the area involved was dry and that an election had been held, the election returns were canvassed, the order of the Commissioners Court entered, etc., prior to the date of the alleged offense, the State relied upon a stipulation.

Without a waiver of the appearance, confrontation, and cross-examination of the witness by the appellant, we find the following in the record:

"MR. CARROLL (Prosecutor): We would agree that if Mrs. Ruby McKee, the County Clerk of Bell County, were summoned in here to testify that she would testify under oath after she were sworn that her name is Ruby McKee, and she is the duly elected County Clerk of Bell County. That she has been the County Clerk for so many years, and that one of her duties is to certify as to wet and dry areas of the county; that if she were asked the question that she would testify that Temple, Bell County, Texas is wet for beer but is dry for whiskey. She would further testify that she doesn't recall when the election was held concerning the liquor election.

THE COURT: Is that agreeable with you, Mr. Cox?

MR. COX: That is agreeable except for one correction, Your Honor, in that she could not testify that all of Temple is wet for beer. There are certain portions that are now within the city limits of Temple, even though it is within the city limits of Temple, and Temple supposedly being wet, certain areas are in dry territory having been taken in by the expansion of the city limits of Temple which does not automatically wet up that particular area.

THE COURT: All right. Do you have any objection to that clarification, Mr. Carroll?

MR. CARROLL: No, Your Honor, I do not, but let me clarify one other thing, that is, if she were specifically asked she would testify that the residence of Mrs. Stell at Fourteen Fifteen South Eighth Street, Temple, Bell County, Texas, is in a dry area.

THE COURT: Is that agreeable with you, Mr. Cox?

MR. COX: Yes, Your Honor, that is satisfactory.

THE COURT: All right. The stipulations are admitted as agreed to.

MR. CARROLL: The State rests, Your Honor."

Clearly indicating that she disputed the fact the stipulation reflected the dry status of the area, the appellant, after the State rested its case, by written motion for an instructed verdict of an acquittal, urged that the evidence was insufficient to show the dry status of the area involved. The motion was overruled.

Thereafter, when the court's charge failed to require a finding that the alleged unlawful possession of whiskey for the purpose of sale occurred in a dry area,[1] the appellant timely submitted a special requested charge instructing the jury that they could not find her guilty unless they found that a local option election had been held, etc., and that the area was, in fact, a dry area all in accordance with the infor-

---

1. Paragraph 6 of the charge reads as follows: "Now, if you find from the evidence beyond a reasonable doubt that the defendant, Rosie Nell Stell, did, in Bell County, Texas, on or about the 8th day of January, 1972, unlawfully have in her possession for the purpose of sale intoxicating liquor, to-wit: whiskey, then you will find the defendant guilty as charged in the information; but unless you do so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant."

mation's allegations. The requested charge was refused.[2]

It is fundamental that the burden of proof is placed upon the State in a criminal case to prove the allegations of the indictment or information beyond a reasonable doubt. See Article 38.03, Vernon's Ann.C.C.P.; In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

■ In a prosecution for unlawful possession of whiskey for the purpose of sale in a dry area, it is incumbent upon the State to allege and prove the dry status of the area. Hardy v. State, 162 Tex.Cr.R. 165, 283 S.W.2d 233 (1955); Hargiss v. State, 170 Tex.Cr.R. 164, 339 S.W.2d 538 (1960); Weatherman v. State, 161 Tex. Cr.R. 272, 276 S.W.2d 524 (1955).

■ Under the State Constitution, Vernon's Ann.St. (Article XVI § 20, as amended 1933, 1935), all of the State is "wet" except those parts which have been declared "dry" by local option elections. Sanders v. State, 143 Tex.Cr.R. 216, 157 S.W.2d 910 (1942); Powell v. Smith, 90 S.W.2d 942 (Tex.Civ.App.—Fort Worth, 1936).

■ As the court stated in Humphreys v. State, 131 Tex.Cr.R. 383, 99 S.W.2d 600, 601 (1936),

"Courts will not take judicial knowledge of status of 'wet' and 'dry' areas in criminal prosecution, since court cannot know actually or judicially whether local option election has been held anywhere in state unless proof thereof is found in the record."

See 3 Branch's Ann.P.C.2d ed. § 1307, p. 69.

In order to sustain a conviction the State must prove by competent testimony that the alleged offense occurred in a dry area. Cf. Procell v. State, 172 Tex.Cr.R. 247, 356 S.W.2d 320, 321 (1962).

■ An accused, of course, may waive and dispense with proof of the dry status of the county, Spencer v. State, 154 Tex. Cr.R. 427, 227 S.W.2d 552 (1950), or by agreement properly stipulate the county is a "dry" area. Ratliff v. State, 161 Tex.Cr. 332, 276 S.W.2d 519 (1955).

In the instant case we are not dealing with a stipulation that all the allegations in the information relative to the dry status of the area involved are true and correct or a proper agreement and stipulation that on the date of the alleged offense the area in question was dry, but with a stipulation as to what a certain witness would testify if called as a witness.

■ In passing on the sufficiency of the evidence, we must view the stipulation just as if the witness had so testified.

■ Putting aside the question of the adequacy of the stipulation in absence of a waiver of the appearance, confrontation, and cross-examination of the witness, we observe that the information alleged and the proof showed the charged offense occurred on January 8, 1972, and the stipulation entered at the trial commencing on March 20, 1972 fails to reflect that a local option election was held or when it was held, or that an order was entered declaring the result in favor of prohibition. The only mention of an election is that the witness would be unable to recall the date of "the election." The stipulation was clearly inadequate to support the allegations of the information as to the dry status of the area *on the date of the charged offense.* There is nothing in the stipulation to show when the area acquired a dry status, if it did. For this reason, this cause must be reversed.

R. 332, 276 S.W.2d 519 (1955). *Cf.* Salinas v. State, 365 S.W.2d 362 (Tex.Cr. App.1963).

2. The trial judge may have relied upon the stipulation and considered the issue of the dry status of the area to be undisputed. See Ratliff v. State, 161 Tex.Cr.

In another ground of error, appellant complains that the court, having failed to charge that the jury must find that the area alleged was "dry" at the time of the charged offense, erred in failing to respond to the special requested charge. Under the circumstances already described, we agree.

We need not discuss appellant's other grounds of error.

For the reasons stated, the judgment is reversed and the cause remanded.

DOUGLAS and ODOM, JJ., dissent.