**Bryan Lee MINNAMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–01218–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1999.

Joseph Salhab, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices COHEN and MIRABAL.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

Appellant, Bryan Lee Minnamon, was convicted by a jury of felony theft, and the trial court assessed punishment at 180 days in a state jail, probated for two years. We affirm.

In his sole point of error, appellant contends the trial court erred by admitting evidence of two prior misdemeanor theft convictions after he offered to stipulate to the convictions.

## Background

Appellant was arrested for shoplifting from a WalMart store. A security guard saw appellant place several power tools in his basket and enter the store's garden center. Appellant then pushed his basket out of the garden center and into the parking lot without paying for the tools. Appellant was arrested when he approached his car.

Appellant was indicted for theft. To raise the offense to a felony, the indictment also contained two paragraphs alleging that appellant had twice before been convicted of misdemeanor theft.[1] Before trial, appellant offered to stipulate, outside the presence of the jury, to the validity of his two prior theft conditions. The State objected to the offered stipulation, and the trial court allowed the State to introduce the judgments from appellant's two prior theft conditions. Relying on *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), appellant contends the trial court's ruling was in error.

### *Old Chief* error

#### The *Old Chief* case

In *Old Chief*, the defendant was charged with unlawfully possessing a firearm because he was a convicted felon. 117 S.Ct. at 647–48; *see* 18 U.S.C.A. § 922(g)(1) (West Supp. 1998) (anyone convicted of crime requiring confinement of one year cannot lawfully carry weapon). The defendant offered to stipulate to the validity of his prior felony conviction, but the government refused to join the stipulation, and the trial court denied the request. 117 S.Ct. at 647–48. Interpreting Federal Rule of Evidence 403, the Supreme Court held that the jury did not need to know the type of felony that the defendant had committed, but only that he fell within the class of crimes that the Congress thought should bar a convict from possessing a gun. *Id.* at 655. "The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a weapon, and this point may be

made readily in defendant's admission and underscored in the court's jury instruction." *Id.* Because the judgment admitted against the defendant showed specifically that he had been convicted of an aggravated assault, the Supreme Court held that the risk of unfair prejudice substantially outweighed the probative value of the record of conviction. *Id.*

#### Texas cases interpreting *Old Chief*

Several Texas cases have interpreted *Old Chief* as it relates to convictions for driving while intoxicated (DWI). In *Maibauer v. State*, 968 S.W.2d 502, 503 (Tex.App.—Waco 1998, pet. ref'd), the defendant was charged with DWI. The indictment alleged a prior felony DWI, thus elevating the crime charged to a second-degree felony. *See* Tex. Penal Code Ann. § 49.09(f) (Vernon Supp. 1998). On appeal, the defendant argued that admission of his prior DWI convictions, after he had offered to stipulate to them, violated both Tex. R. Evid. 403 and *Old Chief*. The court noted that the Federal Rules of Evidence generally guide how we interpret the Texas Rule of Evidence, but found the *Old Chief* opinion distinguishable on two grounds. 968 S.W.2d at 506.

First, the court noted that in *Old Chief*, proof of any "generic felony" would have satisfied the government's burden of proof. The probative value of showing that the "generic felony" was an aggravated assault was substantially outweighed by the substantial risk of prejudice. *Id.* at 507. However, under the Texas DWI statute, the State is required to show prior convictions *for DWI*. Therefore, the probative value of showing that the prior convictions were DWI's is greater than the need in *Old Chief* to show that the prior offense was an aggravated assault. *Id.* at 507.

Second, the Waco court noted that Texas has a statute that prohibits the application of *Old Chief* under those circumstances. *Id.* at 506–507. Prior DWI convictions that are alleged to elevate the primary offense to a felony are jurisdictional. *Williams v. State*, 946 S.W.2d 886, 898–99 (Tex.App.—Waco 1997, no pet.). Article. 36.01(a) of the Texas

---

1. A theft is a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." Tex. Penal Code Ann. § 31.03(e)(4)(D) (Vernon Supp.1999).

Code of Criminal Procedure requires that all jurisdictional allegations must be read to the jury to begin the guilt-innocence phase of a felony DWI trial. Thus, the Waco court concluded that *Old Chief* could not be adopted in situations in which the prior offense alleged required proof of a specific type of conviction that is a jurisdictional element to the offense charged. *Id.* at 507.

In *Tamez v. State*, 980 S.W.2d 845, 847–48 (Tex.App.—San Antonio 1998, pet. filed), the court of appeals agreed with the Waco court and held that *Old Chief* did not apply in a DWI case in which prior offenses were alleged in the indictment because: (1) the probative value of the DWI was greater than the probative value of the felony conviction in *Old Chief* because the Texas statute requires proof of a specific type of conviction, and (2) article 36.01 requires that the indictment, including the jurisdictional allegations of the prior convictions, must be read to the jury. *Id.*

In *Hampton v. State*, 977 S.W.2d 467, 468–69 (Tex.App.—Texarkana 1998, pet. ref'd), the court noted that *Old Chief* was distinguishable because in that case, the stipulation (that the defendant had committed a felony) would have been sufficient to carry the government's burden of proof. There was no need to show proof of the *type* of felony conviction. However, under the DWI statute, the State was required to show proof of a specific type of conviction, *i.e.*, a DWI conviction. A sufficient stipulation in that case (that appellant had previously been convicted of DWI), would tell the jury no more than the judgments that were in fact entered in evidence. *Id.* For this reason, the Texarkana court held that even if there was error, it was harmless. *Id.* at 469.

**Application of *Old Chief* to this case**

■ We agree with the reasoning of *Maibauer, Tamez,* and *Hampton. Old Chief* is distinguishable for three reasons. First, in *Old Chief*, proof of any felony would have met the government's burden of proof. In this case, the State was required to prove not just any felony, but two prior *theft* offenses. Thus, in this case, the probative value of showing that the defendant had been convicted of theft was greater than the probative

value of showing an assault conviction in *Old Chief.*

■ Second, like in the DWI cases, the prior theft offenses in this case were jurisdictional. *See Gant v. State*, 606 S.W.2d 867, 869 n. 2, 872 n. 9 (Tex.Crim.App. [Panel Op.] 1980). The requirement that the State prove at least two prior theft convictions under section 31.03(e)(4)(D) is "a jurisdictional element—a 'forbidden conduct'—of the felony theft proscribed...." *Id.* at 872–73 n. 9. Because the theft offenses were jurisdictional, article 36.01(a)(1) requires that, as a part of the indictment, they must be read to the jury. The reading of the indictment under article 36.01 is mandatory. *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Crim.App.1985). Thus, *Old Chief* cannot be applied in this situation.

■ Finally, a sufficient stipulation in this case would necessarily have to show that appellant had been previously convicted of two thefts, whereas a sufficient stipulation in *Old Chief* need only have shown *any* felony conviction. Therefore, had a proper stipulation been offered in this case, it would have told the jury no more than the judgments that were ultimately admitted. Therefore, error, if any, in refusing the stipulation was harmless.

### Conclusion

Accordingly, we hold that Tex.R. Evid. 403 and *Old Chief* do not require the trial court to permit a defendant to stipulate to a prior offense if the prior offense complained of is included in the indictment and is jurisdictional in nature.

We overrule appellant's sole point of error.

We affirm the judgment.