

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ERICK OLIVAS, | § | No. 08-11-00081-CR |
| Appellant, | § | Appeal from the |
| v. | § | 168th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20100D04099) |
| | § | |

## **O P I N I O N**

Erick Olivas appeals his conviction for family-violence assault, enhanced by a prior family-violence assault conviction. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West 2011). On appeal, Appellant contends the trial court erred in failing to require the State to elect which acts it was relying upon for conviction and in failing to allow Appellant to stipulate to a prior conviction without informing the jury as to the specific nature of the conviction. For the reasons that follow, we affirm.

### **BACKGROUND**

As Appellant does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. On the night of August 8, 2010, Appellant, Karla Martinez, and a group of friends, went to a bar to celebrate the birthday of one of Karla's friends. At trial, Karla testified

that she and Appellant left the bar around 2 a.m. She testified that she and Appellant started arguing in Appellant's car and that Appellant pulled her hair while they were in the car.

Karla testified that when they arrived at Appellant's apartment, she decided to no longer stay at his apartment so she put her bag into her friend Jessica's car.[1] At that point, Appellant grabbed Karla's arm and took her to his apartment. As they were walking upstairs to his apartment, Appellant got upset and slapped Karla in the face which caused her to fall. Appellant grabbed Karla by both arms and took her inside of his apartment. Karla then ran into the bathroom and Appellant pulled her hair, put her on the floor, and started kicking her. Appellant then threw Karla on the couch and started to choke her. At some point, Appellant threw Karla out of his apartment and Karla ran toward the freeway and called her friend Jessica to come and pick her up.

When Jessica returned to pick up Karla, Jessica called the police at Karla's request. The two women met the police at a nearby Whataburger, where Karla reported the assault to police.

Appellant was indicted for family-violence assault, enhanced by a prior conviction. In the instant case, the indictment charged Appellant with a single offense of family-violence assault. Specifically, the four-paragraph indictment alleged Appellant intentionally, knowingly, or recklessly caused bodily injury to Karla, a member of defendant's family or household, by: (1) striking Karla about the head with his hand; (2) grabbing Karla about the neck with his hand; (3) pulling Karla's hair with his hand; or (4) grabbing Karla's arm with his hand. To elevate the alleged offense to a third-degree felony, the indictment contained an enhancement paragraph alleging that Appellant was previously convicted of an offense against a member of his family or

---

[1] At trial, Jessica Nevarez testified that the group planned to go back to Appellant's apartment after leaving the bar.

2

household under Section 22.01 of the Penal Code. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West 2011).

At a pretrial hearing, Appellant sought to prevent his prior family-violence assault conviction from being disclosed to the jury. Appellant proposed to stipulate to the prior conviction if the stipulation's language was limited to "convicted under Chapter 22 of the Penal Code." The State opposed the proffered stipulation. Over Appellant's objections, the trial court allowed the prior conviction to be read to the jury and used during *voir dire*.

At trial, Appellant pleaded not guilty to the indictment. The jury found Appellant guilty of the charged offense and the trial court sentenced Appellant to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

### Election

In Issue One, Appellant argues that the trial court erred by not requiring the State to elect which of the four acts alleged in the indictment the State would rely upon for a conviction. The State responds that it was not required to make an election because the four acts alleged in the indictment occurred in the course of a single criminal transaction and are alternative manners and means by which Appellant committed the offense of assault.

Appellant cites *Phillips v. State* for the proposition that after the State rests its case-in-chief, and upon timely request by the defendant, the trial court must order the State to make an election of which act it relies upon for conviction. *See Phillips v. State*, 130 S.W.3d 343, 349 (Tex. App. – Houston [14th Dist.] 2004), *aff'd*, 193 S.W.3d 904 (Tex. Crim. App. 2006). However, no election is required if the indictment is composed of separate paragraphs alleging

3

different manners and means of committing the same offense. *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987) (op. on reh'g); *Barfield v. State*, 202 S.W.3d 912, 915 (Tex. App. – Texarkana 2006, pet. ref'd); *see Renteria v. State*, 199 S.W.3d 499, 507 (Tex. App. – Houston [1st Dist.] 2006, pet. ref'd) (the State is not required to make an election between separate manners and means of committing the same offense); *Gonzales v. State*, 270 S.W.3d 282, 288 (Tex. App. – Amarillo 2008, pet. ref'd) (op. on reh'g) (the State need not elect between various theories alleged in charging a single criminal act or event, and the jury may consider all theories and return a general verdict of guilty). Moreover, no election is required where the evidence shows that the several alleged acts were "part and parcel of the same criminal transaction." *Steele v. State*, 523 S.W.2d 685, 687 (Tex. Crim. App. 1975).

Appellant asserts that the trial court's refusal to require the State to make an election deprived him of his right to a unanimous jury verdict, and as a result, he maintains that he does not know of which crime and acts the jury found him guilty. However, the jury was not required to unanimously agree on how the assault occurred. *See Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008) (while jury unanimity is required on the essential elements of an offense, the jury generally is not required to return a unanimous verdict on the specific method of committing a single offense); *Davila v. State*, 346 S.W.3d 587, 591 (Tex. App. – El Paso 2009, no pet.) (finding no violation of unanimity requirement when disjunctive charge allowed jury to convict defendant of assault causing bodily injury to a family member by either grabbing victim's hair or grabbing victim about the neck).

Because the evidence demonstrates that the four acts alleged in the indictment were part and parcel of the same criminal transaction and were simply alternate manners and means of

4

committing the same offense, the State was not required to make an election. *Barfield*, 202 S.W.3d at 915; *Renteria*, 199 S.W.3d at 507; *Steele*, 523 S.W.2d at 687. Accordingly, we conclude that the trial court did not err in failing to require the State to make an election between the four paragraphs in the indictment. *Id.* Issue One is overruled.

**Stipulation**

In Issue Two, Appellant contends the trial court erred by not admitting his proffered stipulation to a prior conviction for family-violence assault.[2] Specifically, Appellant asserts that the question in the case at bar is whether a prior assault conviction is a sentence enhancement or an element of the felony offense. Relying on *Tamez v. State*, Appellant argues that if the trial court had properly admitted his proposed stipulation, the State would not have been required to read the enhancement allegations to the jury or present further evidence on the prior convictions. *See Tamez v. State*, 11 S.W.3d 198, 202-03 (Tex. Crim. App. 2000) (DWI case holding that when a defendant agrees to stipulate to prior convictions, the State may not present evidence of those convictions during its case-in-chief).

We review a trial court's decision to admit evidence under an abuse-of-discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Davila*, 346 S.W.3d at 591. We will uphold the trial court's decision if it falls within the zone of reasonable disagreement. *Oprean*, 201 S.W.3d at 726.

As both parties note, there exists a split of authority among intermediate courts as to whether a prior family-violence assault conviction is an element of the offense or a sentence enhancement. *Compare Sheppard v. State*, 5 S.W.3d 338, 340 (Tex. App. – Texarkana 1999, no

---

[2] In his second issue, Appellant has also asserted due process violations, but he has failed to provide any citations or legal analysis, and thus, has inadequately briefed this issue. TEX. R. APP. P. 38.1(h).

5

pet.) (treating prior conviction for family violence as an essential element of the felony assault offense) *with State v. Cagle*, 77 S.W.3d 344, 347 n.2 (Tex. App. – Houston [14th Dist.] 2002, pet. ref'd) (treating prior conviction for family violence as a sentence enhancement instead of an element of the offense because of the operative statutory language in Section 22.01(b)(2)); *see also Zavala v. State*, No. 03-05-00051-CR, 2007 WL 135979, at *1 n.2 (Tex. App. – Austin Jan. 22, 2007, no pet.) (not designated for publication) (recognizing split between *Sheppard and Cagle*).

In determining whether any given fact constitutes an element of the offense or a punishment enhancement, we look to the plain language of the statute and apply its plain meaning if the statutory language is unambiguous. *State v. Rosseau*, No. 04-10-00866-CR, ---S.W.3d.---, 2011 WL 6207037, at *5 (Tex. App. – San Antonio Dec. 14, 2011, pet. granted) (not yet reported); *Reyes v. State*, 314 S.W.3d 74, 80 (Tex. App. – San Antonio 2010, no pet.), *quoting Calton v. State*, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005). Under Section 22.01 of the Texas Penal Code, an assault on a family member is a class A misdemeanor, but that same offense can be elevated to a third-degree felony if "it is shown on the trial of the offense that the defendant has been previously convicted of [family violence]." *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West 2011). The plain language of Section 22.01(b)(2) is not ambiguous and clearly requires proof of a prior conviction of family violence.

Because an alleged prior conviction of family-violence assault is required to raise the underlying misdemeanor offense to a third-degree felony offense, we do not agree that the prior conviction is merely a punishment enhancement. *See Calton*, 176 S.W.3d at 232-33 (recognizing that an enhancement serves to increase the punishment range, but does not change

6

the degree of the offense); *see also Gant v. State*, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim. App. 1980) (holding that a statutory enhancement provision, which required two prior theft convictions for the purpose of elevating the offense from a misdemeanor to a felony, was "not an 'enhancement' provision at all" but, rather, "a jurisdictional element—a 'forbidden conduct'–of the felony theft"); *see also Reyes*, 314 S.W.3d at 81 (analyzing Section 22.01 of the Penal Code and concluding that the prior assault conviction is an element of the third-degree felony offense of assault which must be included in a hypothetically-correct charge and proven beyond a reasonable doubt).

Here, Appellant's proposed stipulation did not specifically admit his prior conviction of assault was for family violence. Instead, the proposed stipulation simply refers to Appellant being convicted under Chapter 22 of the Penal Code. The basis for Appellant's proposed stipulation was to preclude the jury from being informed that Appellant had a prior conviction of family-violence assault. Thus, Appellant's proposed stipulation would not have relieved the State from its burden of proving the prior conviction as an element of the offense. *See Reyes*, 314 S.W.3d at 81 (concluding that prior assault conviction is an element of the third-degree felony offense of assault which must be included in a hypothetically-correct charge and proven beyond a reasonable doubt); *Stell v. State*, 496 S.W.2d 623, 626 (Tex. Crim. App. 1973) (when stipulation is insufficient to prove element of offense, evidence will fail). Because the prior conviction of family-violence assault is an essential element of the felony offense, and because Appellant's proposed stipulation did not sufficiently stipulate to the prior family-violence assault conviction as required by the statute, we conclude that the trial court did not abuse its discretion by not admitting Appellant's proposed stipulation. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West 2011); *see*

7

*also Stell*, 496 S.W.2d at 626; *Minnamon v. State*, 988 S.W.2d 408, 410 (Tex. App. – Houston [1st Dist.] 1999, no pet.) (in felony-theft case, a sufficient stipulation would show that appellant had two prior convictions for theft).

Next we consider Appellant's complaint that the admission of the prior assault conviction was more prejudicial than probative in violation of Texas Rule of Evidence 403 and that reversal of his conviction is required.   Appellant relies on *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed2d 574 (1997) to support his argument.   At least three of our sister courts have interpreted *Old Chief* as it relates to the use of prior convictions for the elevation of offenses to felonies.   *See Minnamon*, 988 S.W.2d at 409-10 (felony-theft conviction); *Maibauer v. State*, 968 S.W.2d 502, 506-07 (Tex. App. – Waco 1998, pet. ref'd) (finding that *Old Chief* is inapplicable in cases where proof of a specific type of conviction is required and is a jurisdictional element to the charged offense); *Hampton v. State*, 977 S.W.2d 467, 468-69 (Tex. App. – Texarkana 1998, pet. ref'd) (distinguishing *Old Chief* because the type of offense for the prior conviction was immaterial in that case, but for a felony DWI conviction the State must prove the defendant was convicted of two specific offenses).

In *Minnamon*, the defendant was indicted for theft, enhanced to a felony offense by two prior theft convictions.   *Minnamon*, 988 S.W.2d at 409.   On appeal, the defendant relied on *Old Chief* to argue that the trial court erred by admitting his prior theft convictions after he offered to stipulate to the prior convictions.   *Id*.   The court found *Old Chief* to be distinguishable for three reasons.   *Id*. at 410.   First, in *Old Chief*, proof of any felony would have satisfied the State's burden, whereas in *Minnamon*, the defendant was required to specifically prove two prior theft offenses.   *Id*.   Second, like DWI conviction cases, the prior theft convictions in the defendant's

8

case were jurisdictional elements under section 31.03(e)(4)(D) of the Penal Code. *Id*. Third, the court concluded that a sufficient stipulation by the defendant required a showing of two prior convictions for theft, whereas a sufficient stipulation in *Old Chief* required a showing of any prior felony conviction. *Id*. The *Minnamon* court held that under TEX. R. EVID. 403 and *Old Chief*, a trial court is not required to allow a defendant to enter a stipulation to a prior conviction if it is included in the indictment and is a jurisdictional element of the offense. *Id*.

We are persuaded by the reasoning in *Minnamon* and conclude that *Old Chief* is distinguishable and inapplicable in the instant case. Here, the State was required to prove not just any prior conviction, but that Appellant had previously been convicted of family-violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West 2011). Having already concluded that the prior conviction for family-violence assault under Section 22.01(b)(2) of the Penal Code is an element of the offense and not just an enhancement provision, a sufficient stipulation by Appellant would have to specifically show that he was previously convicted of a family-violence assault. Therefore, neither TEX. R. EVID. 403 nor *Old Chief,* required the trial court to allow Appellant's proposed stipulation. *Minnamon*, 988 S.W.2d at 410. Issue Two is overruled.

## CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

March 20, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

9