306·15

NO. 07·11·00202·CR

ORIGINAL

JOSHUA COBBS

V.

THE STATE OF TEXAS

§
§
§
§
§
§
§
§
§

TEXAS

COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 14 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY

REVIEW

APPEAL FROM THE COURT OF APPEALS FOR THE SEVENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT AMARILLO APPEAL NO. 07·11·00202·CR, TRIAL COURT CAUSE NO 2010·428,786.

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY, TEXAS HON. JOHN MCCLENDON, JUDGE PRESIDING

FILED IN
COURT OF CRIMINAL APPEALS

MAY 14 2015

Abel Acosta, Clerk

(1-11)

## PARTIES AND COUNSEL

Joshua Cobbs #1730945

Clements Unit

9601 Spur 591

Amarillo, Texas 79107-9606

   Appellant

---

Kollin Shadle

Assistant Criminal District Attorney

P.O. Box 10536

Lubbock, Texas 79408

   Appellee for State

---

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| PARTIES AND COUNSEL | 2 |
| TABLE OF CONTENTS | 3 |
| INDEX OF AUTHORITIES | 4 |
| ORAL ARGUMENT STATEMENT | 5 |
| STATEMENT OF THE CASE | 6 |
| QUESTIONS PRESENTED | 7 |
| ARGUMENTS | 8-9 |
| PRAYER | 10 |
| SERVICE | 11 |

(3-11)

# INDEX OF AUTHORITIES

CHINDAPHONE V STATE    241 S.W.3d 217 (TEX. APP. 2007)    8

ROSS V STATE    931 S.W.2d 633   (TEX. APP. 1996    7-8

STRICKLAND V WASHINGTON    466 U.S. 668  (1984)    9

## STATUTES - CODES

TEX. CODE CRIM PROC. ART. 1.15    8

TEX. R. APP. PROC. 68    8

(4-11)

# ORAL ARGUMENT STATEMENT

THE APPELLANT REQUESTS ORAL ARGUMENT DUE TO THE FUNDAMENTAL NATURE OF THE ISSUES INVOLVED AND THE FACT THAT THE LOWER APPELLATE COURT REVERSED THE TRIAL COURT JUDGMENT IN CAUSE NO. 2010-428,785, APPEAL NO. 07-11-0201-CR AND CAUSE NO 2010-427,391 APPEAL NO 07-11-00200-CR ON SIMILAR ISSUES.

(5-11)

# STATEMENT OF CASE

IN CAUSE NO. 2010-428,786 APPELLANT WAS CHARGED WITH AGGRAVATED ASSAULT PURSUANT TO PENAL CODE § 22.02(b)(1). APPELLANT PLEADED GUILTY TO ALL THREE REFERENCED CASES 2010-427,391; 2010-428,786; AND 2010-428,786 ON MARCH 25, 2011, BY PLEADING "OPEN" TO THE COURT (RR. VOL.3). ON MARCH 28-29, 2011, THE COURT HELD AN EVIDENTIARY PUNISHMENT HEARING (RR VOLUMES 4-5) THE COURT SENTENCED APPELLANT TO SIXTY (60) YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. (RR. VOL5. PP. 136-137).

TRIAL COUNSEL FILED MOTION FOR NEW TRIAL ON MARCH 25, 2011, THE MOTION COMPLAINED OF THE STATE GIVING LATE NOTICE OF IT'S INTENT TO AMEND THE INDICTMENT TO INCLUDE A DEADLY WEAPON FINDING IN EACH CAUSE. (CR. PP. 27-28). APPELLANT PERFECTED APPEAL ON APRIL 18, 2011 (CR. PP. 30). ON JULY 18, 2012, COURT OF APPEALS SEVENTH DISTRICT OF TEXAS, AMARILLO, REVERSED AND REMANDED CAUSE 2010-428,785 AND CAUSE 2010-427,391; BUT AFFIRMED CAUSE 2010-428-786. THIS APPEAL FOLLOWS.

(6-11)

# QUESTIONS PRESENTED

(1) IS THE APPELLATE COURT DECISION IN <u>ROSS v STATE</u> 931 S.W. 2d 633, 635 (TEX. APP. - DALLAS 1996) APPLICABLE TO THE FACTS OF THIS CASE?

(2) DOES EVIDENCE OF MENTAL INCOMPETENCY REQUIRE TRIAL COUNSEL TO INVESTIGATE FURTHER TO DETERMINE IF THE DEFENDANT IS MENTALLY COMPETENT TO STAND TRIAL?

## ARGUMENTS

QUESTION NUMBER ONE SHOULD BE REVIEWED BECAUSE THE COURT OPINION IN ROSS V STATE, 931 S.W.2d 633, 635 (TEX. APP. - DALLAS 1996) HELD THAT TO BE OPERATIVE, A JUDICIAL CONFESSION MUST BE INTRODUCED INTO EVIDENCE, OR IN THE ALTERNATIVE THE TRIAL COURT MUST TAKE JUDICIAL NOTICE OF IT. (NOTING THE REQUIREMENT OF ART. 1.15 TEX. CODE CRIM. PROC. THAT THE STATE MUST INTRODUCE SUFFICIENT EVIDENCE TO SUPPORT A PLEA). NOTHING IN THE RECORD OF THIS CASE SHOWS THAT APPELLANTS' JUDICIAL CONFESSION WAS EITHER OFFERED BY THE STATE OR WAS THE SUBJECT OF JUDICIAL NOTICE. THEREFORE, THE SEVENTH COURT OF APPEALS' DECISION IN THIS CASE IS CONTRARY TO THE COURT OF APPEALS' DECISION IN ROSS ON THE EXACT SAME ISSUE WHICH ARE ADEQUATE REASONS FOR REVIEW. TEX. R. APP. PROC. 68. SEE ALSO CHINDAPHONE V STATE, 241 S.W.3d 217, 219 (TEX. APP. FORT WORTH 2007) (FINDING STATE DID NOT INTRODUCE ANY EVIDENCE OF JUDICIAL CONFESSION UNTIL THE PUNISHMENT PHASE, FAILING TO OFFER THE JUDICIAL CONFESSION. THE RECORD IN THIS CASE AND CASE LAW SUPPORTS A FINDING THAT THE EVIDENCE REQUIREMENTS OF TEX. CODE CRIM PROC. ART. 1.15 WERE NOT MET.

(8-11)

## ARGUMENTS-CONT

THE REASON TO REVIEW QUESTION NUMBER TWO IS CENTERED AROUND RECORD EVIDENCE THAT SHOW THE APPELLANT SUFFERED FROM A MENTAL INCAPACITY PRIOR TO AND DURING THE COURSE OF THE OFFENSE AND PLEA PROCEEDINGS. APPELLATE COUNSEL NOTED THE FOLLOWING

"DEFENSE COUNSEL PUT ON THE RECORD THE APPARENT fact THAT WHILE IN COUNTY JAIL APPELLANT HAD BEEN PRESCRIBED HALDOL, COGENTIN, AND PROZAC. SHE ALSO RECOUNTED ON THE RECORD A COMMENT MADE BY APPELLANT TO HER TO THE EFFECT THAT HE WAS HALLUCINATING WHEN FIRST JAILED AFTER THE SEPTEMBER 7TH OFFENSES (RR, VOL 3, PP 7-9) THIS INTERESTING INFORMATION WAS NOT FURTHER SUPPLEMENTED IN THIS RECORD. THE COURT AND THE PARTIES IMMEDIATELY PROCEEDED WITH THEIR BUSINESS." (APPELLATE BRIEF- AT 11-12)

THESE FACTS RAISE THE QUESTION OF WHETHER EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS PROVIDED WHEN COUNSEL DID NOT REQUEST A MENTAL COMPETENCY EVALUATION PRIOR TO THE PLEA PROCEEDINGS TO DETERMINE IF THE APPELLANT WAS MENTALLY COMPETENT TO ENTER PLEA; I.e., STAND TRIAL. STRICKLAND V WASHINGTON 466 U.S. 668 (1984).

(9-11)

## PRAYER

WHEREFORE, PREMISES CONSIDERED, APPELLANT PRAYS THE COURT GRANT REVIEW OF THE QUESTIONS, ORDER BRIEFING OF THE ISSUES INVOLVED, APPOINT COUNSEL AND GRANT ANY OTHER RELIEF THE APPLICANT MAY BE ENTITLED TO.

RESPECTFULLY,

Josha Cobb
APPELLANT- PRO SE

(10-11)

## SERVICE

A TRUE AND CORRECT HANDWRITTEN COPY OF THE FOREGOING PETITION FOR DISCRETIONARY REVIEW AND MOTION TO SUSPEND HAS BEEN PLACED IN THE U.S. MAIL ADDRESSED TO:

KOLLIN SHADLE
ASST. DIST. ATTY
LUBBOCK COUNTY
P.O. BOX 10536
LUBBOCK, TX 79408-3536

ON THIS __7TH__ DAY
OF __MAY__ 2015

RESPECTFULLY,

__Joshua Cobbs__
APPELLANT

(11-11)

NO. 07-11-0200-CR
NO. 07-11-0201-CR
NO. 07-11-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2011

---

JOSHUA COBBS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2010-427,391, 2010-428,785, 2010-428,786;

HONORABLE JOHN McCLENDON, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Upon pleading guilty in open court, Appellant, Joshua Cobbs, was convicted of aggravated assault with a deadly weapon in three causes and sentenced to sixty years confinement in each cause, with the sentences running concurrently. The State candidly concedes the trial court committed reversible error in Cause Nos. 07-11-0200-

CR and 07-11-0201-CR; however, it maintains the judgment in Cause No. 07-11-0202-CR is supported by the record. We agree.

## CAUSE NO. 07-11-0200-CR (TRIAL COURT CAUSE NO. 2010-427,391)

The indictment in this cause alleged Appellant committed the offense of aggravated assault by causing serious bodily injury to Ashley Shedd, by striking her with his hand. *See* Tex. Penal Code Ann. § 22.02(a)(1) (West 2011). Appellant raises four issues contending the trial court erred: (1) by including a deadly weapon finding; (2) by accepting Appellant's plea in contravention of article 1.15 of the Texas Code of Criminal Procedure;[1] (3) by proceeding without adequate jurisdiction; and (4) by finding Appellant guilty of an uncharged offense. The State candidly concedes the trial court's judgment is void in finding Appellant guilty of aggravated assault by the use or exhibition of a deadly weapon; *see* Tex. Penal Code Ann. § 22.02(a)(2), an uncharged offense that is not a lesser-included-offense. We accept the State's concession of error.

Accordingly, as to this cause, we sustain Appellant's fourth issue. Our sustention of issue four pretermits Appellant's remaining issues. *See* Tex. R. App. P. 47.1.

## CAUSE NO. 07-11-0201-CR (TRIAL COURT CAUSE NO. 2010-428,785)

The indictment in this cause alleged Appellant committed the offense of aggravated assault by causing serious bodily injury to Lanika Moore, by stabbing her with a knife, *see* Tex. Penal Code Ann. § 22.02(a)(1) (West 2011); and, during the commission of the assault, he did use or exhibit a deadly weapon. *See* Tex. Penal

---

[1]Throughout the remainder of this opinion, we will refer to provisions of the Texas Code of Criminal Procedure as "article ___" or "art. ___."

2

Code Ann. § 22.02(a)(2) (West 2011). Appellant raises two issues contending the trial court erred: (1) by accepting his plea in contravention of article 1.15 of the Texas Code of Criminal Procedure; and (2) by finding him guilty of an uncharged offense. The State candidly concedes the trial court's judgment is void in finding Appellant guilty of an uncharged offense, to-wit: "us[ing] a deadly weapon during the commission of the assault and caus[ing] serious bodily injury to a person *whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.*" *See* Tex. Penal Code Ann. § 22.02(b)(1) (emphasis added). Again, we accept the State's concession of error.

Accordingly, as to this cause, we sustain Appellant's second issue. Our sustention of issue two pretermits Appellant's remaining issue. *See* Tex. R. App. P. 47.1.

CAUSE NO. 07-11-0202-CR (TRIAL COURT CAUSE NO. 2010-428,786)

The indictment in this cause alleged Appellant committed the offense of aggravated assault by causing serious bodily injury to Alecia Logan, by stabbing her with a knife, *see* Tex. Penal Code Ann. § 22.02(a)(1) (West 2011); and by the use or exhibition of a deadly weapon, during the commission of the assault. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). The indictment further alleged that Alecia Logan was a person with whom Appellant has or has had a dating relationship, as described by Section 71.005 of the Texas Family Code. *See* Tex. Penal Code Ann. § 22.02(b)(1). By a single issue, Appellant contends the State's evidence was insufficient to show either the use of a deadly weapon or the infliction of serious bodily injury in the

3

commission of the offense and the trial court therefore erred by accepting his plea in contravention of article 1.15 of the Texas Code of Criminal Procedure.

In support of Appellant's guilty plea, the State introduced Appellant's "*Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession.*" By way of this document, Appellant consented to the stipulation of evidence and waived certain rights.[2] *See* art. 1.15. This document also represented that Appellant understood the "foregoing allegations" and confessed to their truth.[3] In that regard, the indictment alleged that, "[Appellant] . . . on or about September 7, 2010, did then and there intentionally, knowingly or recklessly cause serious bodily injury to Alecia Logan by stabbing [her] with a knife, and [he] did then and there use or exhibit a deadly weapon, to-wit: [a] knife, during the commission of said assault, and the said Alecia Logan was a person with whom [Appellant] has or has had a dating relationship, as described by Section 71.005 of the Family Code . . . ." The stipulation and confession was signed by Appellant, witnessed by his counsel, and approved by the prosecutor and trial court before being filed with the court.

The State contends Appellant's admission of guilt contained in this stipulation and confession is sufficient to meet the requirements of article 1.15. Appellant

---

[2]Under article 1.15, the State's evidence may be stipulated if the defendant consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents to an oral stipulation of the evidence or the introduction of affidavits, written statements or other documentary evidence in support of the judgment.

[3]The caption of the *Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession* indicates that it was a legal instrument filed in conjunction with "No. 2010428786, THE STATE OF TEXAS VS. **JOSHUA COBBS**, . . . Felony Charge: **AGG ASSAULT DV - DW & SBI**, . . . Agency/Rpt#: LPD / 10-44897 . . . ." The following page contained in the Clerk's Record is an unsigned document also entitled *Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession*, reciting the specific allegations contained in the indictment. From this, we conclude that the "foregoing allegations" refer to the allegations contained in the indictment in this cause.

4

acknowledges that a judicial confession alone would be sufficient to support a plea, but contends the requirements of article 1.15 were not met here because this document was not introduced into evidence by the State and the trial court did not take judicial notice of it. In that regard, Appellant cites this Court to no authority specifically requiring that a stipulation and confession be formally admitted into evidence or be judicially noticed in order to meet the requirements of article 1.15, and we find none.

As used in article 1.15, the term "stipulation" includes "agreements about what *particular evidence or testimony would be, if presented in full and open court*, without conceding the truthfulness of that evidence or otherwise waiving the need for proof." *Nixon v. State*, 928 S.W.2d 212, 214 (Tex.App.—Beaumont 1996, no pet.) (citing *Robinson v. State*, 739 S.W.2d 795, 799 n.51 (Tex.Crim.App. 1987)) (Emphasis added). "In reviewing our sufficiency of stipulated evidence to support the trial court's finding of guilt, we view stipulations as if they were actual witness testimony." *Id.* (quoting *Stell v. State*, 496 S.W.2d 623, 626 (Tex.Crim.App. 1973)). Therefore, because the stipulation and confession was filed as a legal document in this cause and became a part of the record of this case, we find that the stipulation was "as if" presented by actual witness testimony.

Moreover, because Appellant's judicial confession is sufficient to show that he committed the offense alleged in the indictment, the record need not contain other evidence to satisfy the State's burden under article 1.15. *See Keller v. State*, 125 S.W.3d 600, 605 (Tex.App.—Houston [1st Dist.] 2003, pet. dism'd), (evidence sufficient where Appellant read and signed a similar "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession stating 'I understand the above allegations and I

5

confess they are true'"), *cert. denied,* 544 U.S. 906, 125 S.Ct. 1603, 161 L.Ed.2d 280 (2005). Accordingly, we conclude that the filing of Appellant's stipulation and judicial confession was sufficient to support the judgment under article 1.15. *See Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1980) ("It is well settled that a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea. [collected cases cited therein]"). Appellant's single issue is overruled.

## CONCLUSION

Agreeing with the State's position, the trial court's judgments in Cause Nos. 07-11-0200-CR and 07-11-0201-CR are reversed and those causes are remanded to the trial court for further proceedings; and the trial court's judgment in Cause No. 07-11-0202-CR is affirmed.

Patrick A. Pirtle
Justice

Do not publish