**Affirmed and Opinion Filed May 12, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00971-CR

**PHYLLIS RENAY BURNS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-54886-V**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Justice Lang

Phyllis Renay Burns, appellant, plead guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.01(a)(2), 22.02(a)(2) (West 2014). The trial judge assessed punishment at four years' confinement. In one issue, Burns argues "The evidence is insufficient to support Appellant's conviction for aggravated assault with a deadly weapon." We affirm the trial court's judgment.

### I. STATEMENT OF THE FACTS

Burns pleaded guilty to the charge of aggravated assault with a deadly weapon at an open plea hearing. The evidence offered by the state at the open plea hearing consisted of one exhibit, a judicial confession signed by Burns, which states, in pertinent part:

> Accordingly, having waived my Federal and State constitutional right against
> self-incrimination, and after having been sworn, upon oath, I judicially confess to

the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

on or about 26th day of May, 2015, in Dallas County, Texas, I did unlawfully then and there intentionally and knowingly threaten BILLY WALKER with imminent bodily injury, and said defendant did use and exhibit a deadly weapon, to-wit: a KNIFE, during the commission of the assault, and further, the said defendant has and has had a dating relationship with the said complainant and the said defendant was a member of the complainant's family and household,

I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

During the state's cross-examination of Burns at the open plea hearing, the following exchange occurred:

Prosecutor: —and while you were out on bond, that's when you picked up the aggravated assault case and the retaliation case?

Burns: Yes, sir. That's when my boyfriend had called the police. I was sitting in the house eating. Because I told him that I didn't want him no more, [sic] so he called the police and said that I had a knife trying to cut him.

Prosecutor: You had a butcher knife and you kind of went after him?

Burns: No, I didn't have no knife [sic]. I was sitting at the house eating.

Defense Attorney: I'm going to object to going into the facts of the case, we pled guilty to it.

The Court: Well that objection is overruled. It is an open plea. Ma'am are you saying that you are not guilty of the aggravated assault charge?

Burns: Yes, sir, I am guilty.

The state asked no further questions after this exchange. Neither Burns nor the state called any other witness to testify. At the end of the open plea hearing, the trial court made "an affirmative finding that a deadly weapon was used, to-wit: a knife," found Burns guilty, and sentenced her to four years' imprisonment.

On August 14, 2015, Burns filed a motion for new trial arguing "the verdict is contrary to the law and evidence." Specifically, Burns asserted that, "[d]uring the course of testimony the Defendant denied that she had committed the offense of Aggravated Assault with a Deadly

–2–

Weapon as charged." Burns filed an amended motion for new trial, which stated "Defendant's attorney was informed by the Defendant's son that the Defendant suffered from bi-polar disorder and was thus not competent to enter her plea of guilty. Defendant also suffers from advanced brain cancer and has a tumor on her brain." The trial court ordered an "evaluation" of Burns's competency to stand trial and plead, received a written report by Kristi Compton, Ph.D finding Burns competent, and conducted a hearing on Burns's motion for new trial. After the hearing, the trial court denied Burns's motion. Burns timely appealed.

## II. STANDARDS OF REVIEW

In evaluating the sufficiency of the evidence to support a conviction, an appellate court applies *Jackson v. Virginia*, 443 U.S. 307 (1979) and considers all the evidence in the light most favorable to the trial court's judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013) (quoting *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011)). "It is the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hulme v. State*, No. 05-15-00817-CR, 2016 WL 1403184, at *1 (Tex. App.–Dallas April 7, 2016, no pet. h.) (citing *Jackson*, 443 U.S. at 318–19; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

"We review a trial court's denial of a motion for new trial under an abuse of discretion standard." *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). "We do not substitute our judgement for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* (quoting *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006)).

## III. Sufficiency of the Evidence

### A. Applicable Law

A person commits assault when she intentionally or knowingly threatens another with imminent bodily injury. *See* Tex. Penal Code Ann. § 22.01 (West 2014). "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). A person acts knowingly as to his conduct "when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b). A person acts knowingly "with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.*

A person commits aggravated assault if she commits an assault and "uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02(a)(2). Section 1.07(a)(17)(b) of the Penal Code defines "deadly weapon" as a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury"; or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(b).

"No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'" *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (citing Tex. Code. Crim. Proc. art. 1.15 (West 2005)). When a defendant waives trial by jury and pleads guilty, the trial court has no duty to conduct a "special proceeding" when evidence inconsistent with guilt is introduced. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). However, a conviction rendered without sufficient evidence to support a guilty plea is reversible error. *Menefee v. State*, 287 S.W.3d at 13.

Article 1.15 expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form. TEX. CODE. CRIM. PROC. art. 1.15 The statute allows the defendant to consent to an oral or written stipulation of what the evidence against her would be. *Id.* "In passing on the sufficiency of the evidence, we must view the stipulation just as if the witness had so testified." *Stell v. State*, 496 S.W.2d 623, 626 (Tex. Crim. App. 1973). Such a proffer or stipulation of evidence will support a guilty plea, so long as it "embraces every constituent element of the charged offense." *Menefee v. State*, 287 S.W.3d at 13 (citing TEX. CODE. CRIM. PROC. art. 1.15)). A defendant's "judicial confession is sufficient evidence to show that he used a deadly weapon, and the record need not otherwise provide proof." *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.–Houston [1st Dist.] 2003, pet. dism'd improvidently granted).

### B. Application of the Law to the Facts

Burns contends the requirements of article 1.15 were not satisfied because the trial court was required to consider evidence inconsistent with guilt that was introduced at the open plea hearing. However, the record reflects Burns waived trial by jury and pleaded guilty. In response to Burns's statement that she did not use the knife as a deadly weapon, the trial court gave Burns the opportunity to retract her guilty plea, stating "Ma'am are you saying that you are not guilty of the aggravated assault charge?" Burns did not retract her guilty plea, and instead responded, "Yes, sir, I am guilty." Because Burns waived trial by jury and pleaded guilty, the trial court had no duty to conduct a "special proceeding" when appellant stated that she did not use the knife as a deadly weapon. *Mendez*, 138 S.W.3d at 350.

Additionally, Burns complains the state did not introduce evidence to refute appellant's testimony that she did not use or exhibit a deadly weapon as defined by the Penal Code. *See* TEX. PENAL CODE ANN. 1.07(a)(17)(b). However, we disagree. Burns's signed judicial confession

states "defendant did use and exhibit a deadly weapon, to-with: a KNIFE, during the commission of the assault." We view this stipulation "as if the witness had so testified." *See Stell*, 496 S.W.2d at 626. While Burns contends that she testified she did not use or exhibit a deadly weapon, "[i]t is the responsibility of the trier of fact to fairly resolve conflicts in testimony." *Hooper*, 214 S.W.3d at 13. Also, a judicial confession that Burns used a deadly weapon, without more, is sufficient evidence to prove that fact. *Keller*, 125 S.W.3d at 605.

We conclude the evidence is sufficient to support Burns's conviction. Thus, the trial court did not act arbitrarily or without reference to any guiding principles of law when it denied Burns's motion for new trial. *See McQuarrie*, 380 S.W.3d at 15.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
150971F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHYLLIS RENAY BURNS, Appellant

No. 05-15-00971-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-54886-V.
Opinion delivered by Justice Lang. Chief Justice Wright and Justice Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of May, 2016.